THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL T. DOVER, Defendant-Appellant.

Second District    No. 2—98—0711

Opinion filed April 12, 2000.

G. Joseph Weller and Paul Alexander Rogers (both of State Appellate Defender's Office, of counsel), and Carol L. Anfinson, of Aurora, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and David A. Hibben, of Chicago, for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

Following a partially negotiated plea agreement, defendant, Michael T. Dover, pleaded guilty to second-degree murder (720 ILCS 5/9—2(a)(1) (West 1994)) and concealment of a homicidal death (concealment) (720 ILCS 5/9—3.1(a) (West 1994)). In exchange for the plea, the State agreed that it would dismiss the previously filed indictment charging defendant with first-degree murder (720 ILCS 5/9—1(a)(2) (West 1994)), would not request an extended-term sentence, and would recommend only a "substantial" prison sentence. The trial court sentenced defendant to 15 years' imprisonment for the offense of second-degree murder and a consecutive term of 5 years' imprisonment for the offense of concealment. The trial court subsequently denied defendant's motion to reconsider his sentence. On appeal, this court is called upon to determine (1) whether we have jurisdiction to entertain this appeal and, if so, (2) whether the trial court erred when it sentenced defendant on the charge of concealment. We conclude that this court does have jurisdiction, and we vacate the sentences imposed by the circuit court and remand for resentencing.

In March 1996 defendant and Marcie Evans were indicted for the first-degree murder (720 ILCS 5/9—1(a)(2) (West 1994)) of the victim, Jeff Suski. Another codefendant, Nicole Downing, was indicted for concealment. After Downing pleaded guilty to concealment and received probation with 90 days in jail, a superseding indictment charged defendant with both first-degree murder and concealment. On November 18, 1997, after *voir dire* commenced but before a jury was seated, the parties indicated to the trial court that they had reached an agreement. Defense counsel represented to the trial court:

> "The agreement is in this case that [defendant] would plead guilty to the offense of second degree murder as stated in Count One of this information that we have before us. He will further

plead guilty to Count Two, which is concealment of a homicidal death.

Your Honor, these would be open pleas which would necessitate a sentencing hearing. The [S]tate has promised only that in consideration for this—for pleas to Count One and Count Two, they would dismiss the Bill of Indictment previously filed, including, obviously, the first degree murder count. They would agree that there is no extended term application which would apply to this plea. And further, they would agree that at sentencing they would state that they seek substantial prison time."

The State also noted for the trial court, "based upon the statute[,] that the sentence would be consecutive; that the concealment of the homicidal death is a mandatory consecutive sentence pursuant to the statute and that's a Class Three felony."

The trial court questioned defendant regarding his ability to understand the procedures for pleading guilty. The trial court also explained to defendant the possible penalties for the offenses of second-degree murder and concealment. With respect to the offense of concealment, the trial court stated that it required a consecutive sentence. Defendant indicated to the trial court that he understood its admonitions.

The State next gave the factual basis for defendant's guilty plea. The trial court found that defendant understood the charges, consequences, and possible penalties of sentencing and fines and that defendant freely, knowingly, and voluntarily waived his rights. The trial court further found that a factual basis existed to support the convictions and entered judgment as to each count. Thereafter, the trial court ordered a presentence investigation report.

In February 1998 the trial court conducted hearings on defendant's sentencing issues. The trial court heard testimony in aggravation and mitigation. At a hearing conducted on March 2, 1998, the trial court announced its sentencing decision. The trial court discussed defendant's presentence investigation report; testimony from family members of the victim and defendant; expert testimony regarding defendant's mental state; arguments made by both counsel; and the statutory factors in mitigation and aggravation. The trial court noted that defendant had a negligible prior criminal record that included offenses for criminal damage to property, a conviction of driving under the influence, and minor traffic offenses. The trial court also noted defendant's alcohol and substance abuse, his work history, his violent nature, his mental state, the potential for rehabilitation, and defendant's involvement in the offense. The trial court proceeded:

"[P]erhaps most important, involving *** defendant and the victim,

was what occurred on the day that [the victim] died. [Defendant] has *** stated that he was either upstairs or downstairs at the time when [the victim] was strangled. The question of whether he hit and wrestled the victim or just hit the victim was also presented. Evidence was presented that he tied up the victim or helped tie up the victim. There is no dispute as to *** defendant's involvement with actively concealing [the victim's] body.

Whatever [defendant's] exact role in the victim's death was, it is clear that he was legally accountable for the actions of others. *** [H]e actively participated and legally, actively aided in the death of [the victim].

This was a beating. A concussion resulted. The deceased died from suffocation. There is a factual basis for strangulation.

A death of this type is particularly personal. It is a hands-on affair. It is one that involves a personal decision to end the life of another person.

\* \* \*

*** [T]he seriousness of the offense is the most important factor, not necessarily the lack of other aggravating factors, nor the presence of mitigating factors, which in fact the defense *** has presented.

Considering all the factors ***, I find in this case that probation would deprecate the seriousness of *** defendant's conduct and would be inconsistent with the ends of justice."

The trial court sentenced defendant to 15 years' imprisonment for the offense of second-degree murder and 5 years' imprisonment for the offense of concealment, the sentences to run consecutively.

The trial court next advised defendant of his rights to appeal. The trial court stated:

"You have the right to appeal the sentence which I have entered today. But if you wish to do so, you must file a written motion within 30 days asking me to reconsider the sentence. ***

*** [Y]ou also have the right to appeal your plea of guilty. If you wish to do that, you must file a motion within 30 days asking that your plea of guilty be withdrawn or thrown out of court, in a sense, to allow you to continue with the plea of not guilty to the charge of first degree murder. ***

If you do not file either of these two motions within 30 days, you are giving up your rights to appeal both the sentence and your plea of guilty.

If you did file a motion to withdraw your plea of guilty and that were granted, the State could then prosecute you for the charge of first degree murder without any agreement as to what the sentence would be if you were later found guilty or if you later plead guilty to that offense."

On March 4, 1998, defendant filed a motion to reconsider sentence. The record reflects that, on March 17, 1998, defendant's counsel filed an attorney certificate pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). The attorney certificate stated that the trial court sentenced defendant to 15 years' imprisonment for the offense of second-degree murder and 5 years' imprisonment for the offense of concealment, "to be served consecutively as mandated by statute." The attorney certificate also stated that defense counsel had "consulted with the defendant in person to ascertain his contentions of error in the sentences imposed by the court," and they agreed that no amendments to the motion were necessary for an adequate presentation of the defects in the proceedings. The certificate does not indicate, however, the date on which defense counsel consulted with defendant to ascertain his claim of error in sentencing. Also on March 17, 1998, the trial court conducted a hearing on defendant's motion to reconsider his sentence. Defendant argued, *inter alia*, that the sentences were excessive, the trial court failed to consider all of the mitigating factors, and that it considered improper factors in aggravation. The trial court responded:

"[Defendant] was characterized as being passive. But he was much more active than what the defense would argue. He was not the individual *** that actually strangled [the victim]. But by his own account, and it varied depending on when he spoke to someone, whether he was down in the basement at the time that the victim was actually strangled. And certainly he had the opportunity to stop what was going on from, his own point of view, and yet he chose not to do so. But prior to that time he was actively involved.

There was also evidence that I commented upon that was brought out concerning prior discussions by Nicole Downing with *** defendant's mother and what was going to be done to [the victim], and the motives ***. That's what was being used to tie [defendant]. The same evidence tying [defendant] into this."

The trial court denied defendant's motion to reconsider and reiterated its instructions for defendant should he wish to appeal:

"[I]f you wish to appeal the sentence that I have imposed you have the duty to file a notice of appeal."

Defendant timely appeals.

Before addressing the merits of defendant's appeal, the State contends that defendant is not entitled to challenge his sentence, based upon the decisions of our supreme court in *People v. Evans*, 174 Ill. 2d 320 (1996), and *People v. Linder*, 186 Ill. 2d 67 (1999). The State argues that, because his sentence was entered as part of a negotiated guilty plea, defendant was bound to file a motion to withdraw the

negotiated guilty plea. Because defendant did not do so, the State maintains, he is precluded from challenging his sentence on appeal.

In *Evans*, the defendants pleaded guilty to certain charges in return for specific sentences and the dismissal of other pending charges. They appealed their sentences without moving to withdraw their guilty pleas. Our supreme court applied the principles of contract law to the plea bargain and stated, "[U]nder these circumstances, the guilty plea and the sentence 'go hand in hand' as material elements of the plea bargain." *Evans*, 174 Ill. 2d at 332. The *Evans* court held that, "following the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only [her or] his sentence, [she or] he must move to withdraw the guilty plea and vacate the judgment." *Evans*, 174 Ill. 2d at 332.

Following the filing of *Evans*, reviewing courts of Illinois, including our supreme court, were fraught with appeals that continually and consistently requested appellate review of a trial court's ruling on a defendant's motion to reconsider the trial court's discretion in the imposition of a sentence subsequent to either an open plea of guilty or a type of negotiated guilty plea. See *Linder*, 186 Ill. 2d at 75 (Freeman, C.J., specially concurring).

In *Linder*, our supreme court augmented the rule announced in *Evans* to include challenges to a trial court's ruling on a defendant's motion to reconsider sentence when the plea agreement called for a sentencing range or cap. *Linder*, 186 Ill. 2d at 74. Thus, a defendant who agrees to plead guilty in exchange for the State's recommendation of a sentencing cap (notwithstanding whether charges are dismissed or reduced) may not move the trial court to reconsider a sentence within that cap without also moving to withdraw the guilty plea. *Linder*, 186 Ill. 2d at 74.

At first blush, the present case appears to fall within the scope of *Evans* and *Linder*. However, a careful reading of our supreme court precedent decided in the interim of *Evans* and *Linder* leads us to determine that the *Evans-Linder* doctrine is inapplicable to the present case.

In *People v. Williams*, 179 Ill. 2d 331 (1997), our supreme court held that a statutory challenge was not barred by *Evans*. In *Williams*, the defendant and the State entered into an agreement whereby the defendant would plead guilty to the offense of retail theft; in exchange, the State agreed to drop a charge of burglary and recommend a sentencing cap. The trial court accepted the defendant's plea and sentenced him to 3 years' imprisonment, followed by 40 months' probation. The defendant moved the trial court to reconsider the sentence, contending that the trial court violated statutory authority

in imposing the sentence. The defendant did not file a motion to withdraw his guilty plea. Following a hearing on the defendant's motion to reconsider sentence, the trial court reduced the term of probation but denied the remainder of the motion.

The appellate court affirmed. See *People v. Williams*, 284 Ill. App. 3d 681 (1996). On review to the supreme court, the State contended that, because the defendant failed to file a motion to withdraw his guilty plea pursuant to *Evans*, he was precluded from challenging the sentence. The *Williams* court distinguished *Evans* and noted that, in *Evans*, the defendants' sentences were within statutory limits and the defendants asserted only that their sentences were excessive. On the contrary, the defendant in *Williams* did not challenge his sentence as excessive but, rather, challenged the trial court's statutory authority to impose the sentence he received. The *Williams* court held that *Evans* was inapplicable and could not serve to bar the defendant's claim on appeal. *Williams*, 179 Ill. 2d at 332-33.

Our supreme court next reviewed *People v. Wilson*, 181 Ill. 2d 409 (1998). In *Wilson*, the defendant entered a negotiated plea of guilty to various offenses. In exchange, the State agreed to nol-pros one charge and recommend a sentence cap of nine years' imprisonment for the other charges. The trial court accepted the plea agreement and imposed concurrent sentences of nine years' imprisonment. Defendant appealed. On appeal to this court, we distinguished *Evans* in that the defendants in *Evans* agreed to specific sentences in exchange for their guilty pleas and the trial courts exercised no discretion in sentencing the defendants. We thus held that, because the trial court exercised discretion to determine the appropriate sentence for the defendant, the defendant could, without moving to withdraw his plea, raise the issue on appeal as to whether the trial court abused its discretion when it sentenced the defendant. *People v. Wilson*, 286 Ill. App. 3d 169, 172-73 (1997).

Our supreme court affirmed but found *Evans* inapplicable to the resolution of the controversy. Relying on its rationale and holding of *Williams*, the *Wilson* court determined that the defendant's claim was not barred, notwithstanding the defendant's failure to move to withdraw his guilty plea. Wilson's claim could be considered on appeal because the issue was whether the trial court violated statutory requirements in its imposition of the defendant's sentence and not merely a claim as to the excessiveness of the defendant's sentence. *Wilson*, 181 Ill. 2d at 412-13. The supreme court further found that, "under *Williams*, a challenge to a trial court's statutory authority to impose a particular sentence is not waived when a defendant fails to withdraw [her or] his guilty plea and vacate the judgment." *Wilson*, 181 Ill. 2d at 413.

The issue in *People v. Shirley*, 181 Ill. 2d 359 (1998), involved the application of the requirements of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) when a defendant who pleaded guilty following a negotiated plea agreement subsequently appealed the sentence. The State argued that, because the defendant failed to withdraw his plea in its entirety, the *Evans* rule precluded him from maintaining his appeal. Our supreme court found *Evans* inapplicable and declined to address the merits of the State's argument because its resolution was not required for the disposition of the issue. *Shirley*, 181 Ill. 2d at 371-72.

Lastly, in *People v. Clark*, 183 Ill. 2d 261 (1998), the defendant was charged with one count of home invasion. However, during the time the defendant was released on his own recognizance, he committed other offenses in the State of Missouri and received a term of imprisonment there. The defendant and the State then entered into an agreement whereby the defendant would plead guilty to a charge of home invasion; in exchange, the State agreed to recommend a six-year term of imprisonment to the trial court. The only question left unresolved was whether the defendant would be subject to a statutorily mandated consecutive sentence. The trial court ultimately determined that the particular statute mandated a sentence that was consecutive to the defendant's sentence imposed by the court in Missouri. The defendant filed a motion to reconsider, contending that the particular statute did not mandate consecutive sentencing; the trial court denied the defendant's motion.

Although the defendant failed to file a motion to withdraw his guilty plea, the supreme court addressed the merits of his appeal. One of the issues on appeal to the supreme court was whether the defendant's plea constituted an open plea as opposed to a negotiated plea. The supreme court determined that, because the defendant's plea was given in exchange for a specific sentence, it was a fully negotiated plea akin to *Evans*, regardless of whether the statute mandated a consecutive sentence. *Clark*, 183 Ill. 2d at 268. Ultimately, though, the *Clark* court remanded the matter because the trial court erroneously instructed the defendant regarding the proper postplea motion he should file.

■ In each of these four cases, the defendants apparently failed to move to withdraw their guilty pleas. In each of these four cases, our supreme court permitted review. Based upon our review of supreme court precedent, we conclude that, when a defendant challenges only the duration of the sentence imposed by a trial court, the *Evans-Linder* doctrine applies and, unless the defendant moves to withdraw the guilty plea, the reviewing court <u>may</u> lack jurisdiction to hear the appeal. We underscore the word "may" in the previous sentence

merely to emphasize our adherence to our supreme court's proscription against rendering an advisory opinion. See *Berlin v. Sarah Bush Lincoln Health Center*, 179 Ill. 2d 1, 8 (1997). Because any determination in the present case as to whether defendant, despite his failure to move to withdraw his guilty plea, would be entitled to challenge the excessiveness of his sentence would be purely advisory, we decline any further invitation to address it. But see *People v. Lumzy*, No. 85313 (Ill. March 23, 2000). We also conclude that, pursuant to *Williams*, when a defendant challenges a trial court's statutory authority to impose a sentence, *Evans* and *Linder* do not apply, and the reviewing court has jurisdiction to entertain the defendant's appeal, even though the defendant fails to move to withdraw the guilty plea. See *Williams*, 179 Ill. 2d at 333; see also *Wilson*, 181 Ill. 2d at 413.

In the present case, defendant entered a partially negotiated plea of guilty to one count of second-degree murder and one count of concealment. In return, the State would dismiss the indictment for first-degree murder, would not request an extended term, and would request only a "substantial" sentence. The State informed the trial court that the statute mandated a consecutive sentence for defendant because he was also convicted of second-degree murder. The trial court agreed and informed defendant of the statutorily mandated consecutive nature of the sentence. The trial court subsequently sentenced defendant to 5 years' imprisonment for the offense of concealment consecutive to the 15 years' imprisonment for the offense of second-degree murder.

Defendant now appeals, challenging not only the duration of the sentence imposed for the charge of concealment but also the trial court's alleged misapprehension of its statutory authority to impose either a concurrent or consecutive sentence for the offense of concealment. In light of the *Williams* decision, we find that *Evans* and *Linder* are inapplicable to the present case and do not bar defendant's appeal of his sentence. According to the reasoning enunciated in *Williams*, defendant's claim of improper sentencing by the trial court is not barred and can be considered regardless of whether defendant complied with the requirements of *Evans* and *Linder*. Accordingly, defendant's challenge to the trial court's statutory authority to impose a mandatory consecutive sentence is not waived, despite defendant's failure to move to withdraw his guilty plea and vacate the judgment.

Therefore, we will address the merits of defendant's claim of improper sentencing. Defendant contends that the trial court erred in its belief that defendant's sentence for the offense of concealment must run consecutive to defendant's sentence for the offense of second-degree murder. During the November 1997 hearing on defendant's

guilty plea, the trial court admonished defendant that the sentence for concealment was a mandatory consecutive sentence. At sentencing, the trial court later reiterated its understanding of the statute when it stated, "[b]y law these sentences must run consecutively."

■ Section 9—3.1 of the Criminal Code of 1961 (720 ILCS 5/9—3.1 (West 1998)) states in pertinent part:

> "If a person convicted under this Section is also convicted of first degree murder, second degree murder or involuntary manslaughter, the penalty under this Section shall be imposed separately and in addition to the penalty for first degree murder, second degree murder or involuntary manslaughter." 720 ILCS 5/9—3.1 (West 1998).

The gravamen of defendant's claim is whether the requirement that the penalty "be imposed separately and in addition to" that for the second-degree murder means that the offense is not merged in the homicide offense and requires a separate sentence, or a sentence consecutive to the second-degree murder sentence must be imposed. This issue was addressed and resolved in *People v. Schlemm*, 82 Ill. App. 3d 639 (1980). In *Schlemm*, the reviewing court noted that "[t]o give the words the first construction makes use of the words 'in addition to' redundant because the word 'separately' is sufficient to indicate that the convictions are not merged." *Schlemm*, 82 Ill. App. 3d at 650. The *Schlemm* court then observed that section 5—8—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4) comprehensively provided for the imposition of concurrent and consecutive sentences and concluded that, "had the legislature wished to mandate consecutive sentences for other offenses, it would have so provided." *Schlemm*, 82 Ill. App. 3d at 650. Pursuant to *Schlemm*, we thus construe the words "in addition to" as merely emphasizing the intent that the offense of concealment be separate from the underlying conviction of second-degree murder.

■ Defendant maintains the trial court's mistaken belief that a consecutive sentence was statutorily mandated is tantamount to plain error and cites to *People v. Hausman*, 287 Ill. App. 3d 1069, 1071-72 (1997), in support of this proposition. The record reflects that defendant did not raise this issue during the proceedings at the trial level or in his motion to reconsider his sentence.

A defendant should make any challenges to the correctness of a sentence or a sentencing hearing by written motion within 30 days of the sentence. *People v. Reed*, 177 Ill. 2d 389, 393-94 (1997). However, under the plain error doctrine, courts may address a waived issue if the evidence is closely balanced or if the error affects substantial rights. 134 Ill. 2d R. 615(a); *People v. Towns*, 174 Ill. 2d 453, 464 (1996), citing *People v. Carlson*, 79 Ill. 2d 564 (1980). Because the

"right to be lawfully sentenced is a substantial right," "impermissible or illegal sentences may be attacked on appeal as plainly erroneous even though no postsentencing motion was filed." *People v. Whitney*, 297 Ill. App. 3d 965, 967 (1998). Therefore, we determine the issue has not been waived and will consider the issue under the plain error rule.

Although the trial court could have imposed a concurrent or consecutive sentence upon defendant, the record clearly reflects the trial court's erroneous interpretation of the statute caused defendant to receive a consecutive sentence. We agree with defendant that it was plain error for the trial court to conclude that it was required to impose a consecutive sentence for concealment. Accordingly, we must vacate defendant's sentences. On remand for resentencing, we instruct the trial court that the statute does not require the imposition of consecutive sentences. See *People v. Gil*, 125 Ill. App. 3d 892, 896-97 (1984), citing *Schlemm*, 82 Ill. App. 3d at 650.

Our resolution of this issue obviates the need to address defendant's other contentions on appeal relating to the trial court's discretion in imposing the sentence he received.

For the reasons stated, we vacate the sentences imposed by the circuit court of Winnebago County and remand this cause to the circuit court for resentencing.

Sentences vacated; cause remanded.

THOMAS and GALASSO, JJ., concur.