# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Monson*, 2012 IL App (3d) 100868

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KELLY MONSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0868 |
| Filed | June 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The failure of defendant's counsel to file a certificate pursuant to Supreme Court Rule 604(d) and defendant's failure to move to withdraw her guilty plea to theft did not require the dismissal of her appeal alleging that her sentence to 180 days in jail without day-for-day good-behavior credit was without statutory authority, since a void sentence may be challenged at any time, and because none of the exceptions in the County Jail Good Behavior Allowance Act applied in defendant's case, her sentence was upheld and the clerk was directed to modify the mittimus to reflect that she was entitled to the good-behavior credit. |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 09-CF-1010; the Hon. Michael F. Meersman, Judge, presiding. |
| Judgment | Affirmed as modified. |

| Counsel on Appeal | Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant. |
| | |
| | Mark Senko, State's Attorney, of Rock Island (Terry A. Mertel and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion. |
| | Justices McDade and Carter concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Kelly Monson, pled guilty to theft (720 ILCS 5/16-1(a)(1)(A) (West 2008)). The trial court sentenced defendant to 4 years' probation and 180 days in jail, with no day-for-day good-behavior credit. Defendant appeals, arguing that day-for-day credit was statutorily mandated. We affirm as modified.

¶ 2                                    FACTS

¶ 3    Defendant pled guilty to theft of property exceeding $10,000 and not exceeding $100,000 in value. In return for the plea, defendant received a sentencing cap of five years. The factual basis for the plea alleged that defendant was an employee of Sherrard High School and that she was the only person who managed the student activity fund. Defendant admitted to a fellow school employee that she had been taking money from the fund for years. An accounting service found that $97,000 was missing from the fund, and it was reported that defendant would frequently convert change into bills but not deposit the money into the fund account.

¶ 4    At sentencing, the trial court ordered defendant to make $67,306 in restitution and sentenced defendant to 4 years' probation and a jail term of "180 actual days in jail." The probation order stated that defendant was not to receive day-for-day credit.

¶ 5    After sentencing, defense counsel filed a motion to reconsider the sentence, in which he argued that defendant was entitled to day-for-day credit on her six-month jail term. Defense counsel failed to file an Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) certificate. The court denied the motion, and defendant filed a notice of appeal.

¶ 6                                   ANALYSIS

¶ 7    Defendant argues that we should reverse the trial court's order denying her day-for-day good-behavior credit and amend the mittimus to show that she is to receive the credit. The State argues that defendant's appeal must be dismissed because she failed to file a motion

to withdraw her guilty plea and defense counsel did not file a Supreme Court Rule 604(d) certificate with defendant's motion to reconsider the sentence. See *People v. Linder*, 186 Ill. 2d 67 (1999) (defendant who pled guilty in exchange for a cap on the length of his sentence could not file a motion to reconsider the sentence imposed within the range of the cap without first moving to withdraw his guilty plea).

¶ 8      Generally, a defendant who pleads guilty in exchange for a cap on the length of her sentence may not challenge a sentence imposed within the cap without first moving to withdraw her guilty plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2006). However, a defendant does not have to move to withdraw her plea if she challenges her sentence on grounds that it was imposed without statutory authority. *People v. Williams*, 179 Ill. 2d 331 (1997). A sentence that does not conform to the statutory requirement is void. *People v. Arna*, 168 Ill. 2d 107 (1995). We hold, therefore, that a defendant may challenge a sentence as void without first moving to withdraw the guilty plea as would otherwise be required under Rule 604(d).

¶ 9      In the instant case, defendant maintains that her sentence of 180 days in jail without day-for-day good-behavior credit was without statutory authority. Section 3 of the County Jail Good Behavior Allowance Act (Act) entitles a defendant who commences a sentence of confinement in a county jail for a fixed term of imprisonment to a good-behavior allowance. 730 ILCS 130/3 (West 2008). The Act provides for several exceptions, none of which apply to the instant case. Absent one of the enumerated statutory exceptions, a trial court has no authority to deny good-behavior credit as provided in the Act. *In re N.R.*, 172 Ill. App. 3d 14, 16 (1988). Thus, we conclude that defendant's sentence was entered without statutory authority and is void.

¶ 10      We further find that the State's argument on the motion to withdraw is not persuasive. *Linder* applies to defendants who challenged the length of their sentence. *Linder*, 186 Ill. 2d 67. In the present case, defendant is challenging a void sentence, and such a challenge may be made at any time. *People v. Chapin*, 233 Ill. App. 3d 28 (1992).

¶ 11      We also reject the State's argument that defense counsel's failure to file a Rule 604(d) certificate requires dismissal, as we may correct a void sentence at any time. *Arna*, 168 Ill. 2d 107. Accordingly, we affirm defendant's sentence and direct the clerk to amend the mittimus to reflect defendant's entitlement to good-behavior credit.

¶ 12                              CONCLUSION

¶ 13      For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed as modified.

¶ 14      Affirmed as modified.