# Illinois Official Reports

## Appellate Court

---

### *People v. Palmer-Smith*, 2015 IL App (4th) 130451

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KWENTON PALMER-SMITH, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-13-0451 |
| Filed<br>Rehearing denied | March 26, 2015<br>May 5, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 12-CF-747; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Lawrence Bapst, all of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | PRESIDING JUSTICE POPE delivered the judgment of the court, with opinion.
Justices Harris and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1 In July 2013, defendant entered into a negotiated guilty plea to unlawful possession with intent to deliver a controlled substance (more than 900 grams of a substance containing cocaine) (720 ILCS 570/401(a)(2)(D) (West 2010)), a Class X felony punishable by 15 to 60 years' imprisonment. In exchange, the State agreed to dismiss two other counts and recommend a sentencing cap of 20 years in prison. The trial court sentenced defendant to 20 years in prison. The court denied defendant's motion to withdraw his guilty plea. Defendant appeals, arguing the court erred by not considering his motion to reduce his sentence on the grounds the court improperly considered a factor inherent in the offense when it sentenced him to the maximum sentence within the agreed sentencing cap. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3 In May 2012, the State charged defendant with unlawful possession with intent to deliver a controlled substance (900 or more grams of cocaine) (count I) (720 ILCS 570/401(a)(2)(D) (West 2010)), a Class X felony punishable by 15 to 60 years in prison; unlawful possession with intent to deliver cannabis (more than 2,000 grams but not more than 5,000 grams) (count II) (720 ILCS 550/5(f) (West 2010)), a Class 1 felony punishable by 4 to 15 years in prison; and unlawful possession of a firearm by a felon (count III) (720 ILCS 5/24-1.1(a) (West 2010)), a Class 2 felony punishable by 3 to 14 years in prison (720 ILCS 5/24-1.1(e) (West 2010)).

¶ 4 At an April 2013 hearing, defendant indicated his agreement to plead guilty to count I in exchange for the State agreeing to dismiss counts II and III and recommend a sentencing cap of 20 years' imprisonment. The trial court admonished defendant of his right to a trial, to proof beyond a reasonable doubt, to hear and cross-examine witnesses against him, to call witnesses on his own behalf, and to testify. Defendant indicated his understanding of the rights he was waiving by pleading guilty. Defendant further advised the court there had not been any other promises, force, or threats to cause him to plead guilty.

¶ 5 The factual basis for the plea was as follows: In 2012, the Champaign police department was investigating drug sales involving defendant, including several controlled buys. Based on that information, the police obtained search warrants for defendant's residence and his parents' residence, where defendant often stayed. Officers located over 3,000 grams of a substance testing positive for cocaine, approximately 5,000 grams of a substance testing positive for cannabis, over $73,000 in United States currency, a loaded .45-caliber pistol, digital scales, and drug-packaging materials. Defendant admitted residing at the residences and ownership of the drugs, gun, and money.

¶ 6 The trial court accepted defendant's guilty plea, entered judgment on the plea, and ordered preparation of a presentence investigation report (PSI).

¶ 7        On May 2, 2013, a new attorney entered his appearance on defendant's behalf. On that same date, defendant filed a motion to withdraw his plea of guilty and vacate the judgment. Defendant argued he was deprived of his right to effective assistance of counsel when his original counsel was not aware of case law impacting the trial court's earlier ruling on motions to suppress evidence. Therefore, he argued, his plea was involuntary. Counsel filed a certificate pursuant to Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)).

¶ 8        On May 14, 2013, defendant filed a supplemental motion to withdraw his plea of guilty and vacate the judgment, which included numerous exhibits. In this motion, defendant made more in-depth arguments about his counsel's ineffective assistance regarding the motions to suppress evidence. Defendant again maintained, but for his counsel's errors, he would not have pleaded guilty.

¶ 9        At the May 2013 sentencing hearing, the trial court noted defendant had filed motions to withdraw his plea, which the court indicated it would consider after the sentencing hearing. Although defense counsel had filed a Rule 604(d) certificate along with the motion to withdraw the plea, the court gave counsel permission to file an amended certificate to include language he had reviewed the transcript of the sentencing hearing.

¶ 10       The hearing proceeded to sentencing, where the trial court indicated receipt and consideration of the PSI. Prior to the hearing, defendant had filed written objections to the PSI, among other things, objecting to inclusion of all traffic offenses, ordinance violations, and juvenile-petition charges as part of defendant's prior record. The court indicated it did not consider petty traffic offenses, but it would not exclude consideration of defendant's juvenile-adjudication history.

¶ 11       The State presented no evidence in aggravation.

¶ 12       Defendant presented testimony from his 16-year-old daughter, 66-year-old father, and 54-year-old mother. Counsel sought exclusion of all people from the courtroom so he could present the testimony of a Champaign police officer. Because the court refused to exclude a member of the press from the courtroom, counsel did not call the witness but was allowed to summarize what that testimony would have included, *i.e.*, defendant's cooperation during the investigation of the case.

¶ 13       Defendant argued the applicable statutory factors in mitigation included (1) defendant's conduct neither caused nor threatened serious physical harm to another; (2) defendant did not contemplate his criminal conduct would cause or threaten serious harm to another; and (3) defendant had led a law-abiding life for a substantial period of time before the commission of this crime, because prior to this 2012 offense his last criminal offense dated back to 1999. Defendant asked for the minimum sentence of 15 years in prison.

¶ 14       The State recommended 20 years in prison due to defendant's prior drug-related record and the fact he was running a large-scale drug business out of his home and his parents' home with "astounding" amounts of cocaine and cannabis, large amounts of cash, and a loaded weapon. The State further argued defendant's conduct certainly posed a danger to the community and others in his household given the number of people with whom he would have had contact through this large-scale drug business.

¶ 15       Defendant testified in allocution, stating he was sorry to everyone. He asked for the minimum sentence because he was not a troublemaker and he did not cause any harm, his

family was dependent on him, he had made mistakes but had been to church, and he knew how to help others change and correct their lives.

¶ 16    The trial court indicated it had considered the PSI with amendments, the comments of counsel, defendant's comments, the testimony in mitigation, the statutory factors in aggravation and mitigation, and the nature of the offense. The court found some statutory factors did not apply to defendant due to the nature of the offense. The court found the following nonstatutory mitigating factors applied: (1) defendant had pleaded guilty; (2) he was a relatively young man; (3) albeit lately, he had been involved in the lives of his daughter and newborn son; (4) he was an articulate and intelligent young man; and (5) he cooperated with the police during the investigation of the case. Although defendant did have a prior juvenile adjudication, the court did not really consider that as a factor in aggravation since it was 20 years ago. The court found two statutory factors in aggravation: defendant's 1998 conviction for unlawful possession with intent to deliver a controlled substance and deterrence.

¶ 17    The trial court further stated:

"Quite frankly, the only statutory factor in aggravation that really applies to this case because, as [defense counsel] said, his last stretch in the Department of Corrections was a considerable period of time ago, but the factor that has come across loudly and clearly is the deterrent factor. As the statute says, this court has to fashion a sentence that will not only deter this defendant, but others similarly situated from committing this type of an offense. The offense involved is possession with intent to deliver. According to the factual basis, the seizure out of the Sherwood Terrace address was over–approximately 3[,]000 grams of a substance testing positive for cocaine, and a large, large amount of cannabis. This is a large amount of controlled substance. [Defendant] was a substantial drug dealer.

Unlike the ones that the court sees on a regular basis, the ones with a couple of bags in their pocket, the State charges possession with intent to deliver, the amount doesn't even total five grams. This defendant had a substantial, some would say outrageous amount of drugs for distribution in this community. So the deterrent factor has to come across loudly and clearly.

* * *

The agreement was somewhere between 15 and 20 years. The maximum could have been out to 60 years, and the court agreed that the sentencing range that was agreed to between [defense counsel] and [the assistant State's Attorney] was an appropriate one, given the circumstances. But when I look at the deterrent factor, it becomes apparent that the sentence has to be one that will deter other individuals similarly situated, and therefore, I do believe a sentence is one of incarceration to the Illinois Department of Corrections. It will be for a period of 20 years."

Because this was a negotiated plea, the court admonished defendant, prior to filing an appeal, he must file a written motion asking to have the judgment vacated and for leave to withdraw his guilty plea in the trial court. The court further advised defendant he had to specify the reasons for his request and any reasons not stated would be waived.

¶ 18    On May 24, 2013, defense counsel filed a certificate in compliance with Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)).

- 4 -

¶ 19        At a hearing on May 28, 2013, defense counsel pointed out he had filed a motion to reconsider the sentence. The motion to reconsider contended, *inter alia*, the trial court erroneously considered the amount of narcotics involved, a factor already inherent in the offense. The trial court stated because this case involved a negotiated guilty plea with a sentencing cap, the only issue before the court was the motion to vacate judgment and withdraw the guilty plea, which was based on original counsel's alleged ineffectiveness. After hearing the arguments of the parties, the court noted defense counsel had filed numerous motions upon which there had been an extensive hearing on the issue of the "drug dog" (one issue raised in the motions to suppress). Counsel had also filed a *Franks* motion (*Franks v. Delaware*, 438 U.S. 154 (1978)) relating to the controlled drug buys and the time frame around those buys. Before all the motions could be addressed, the negotiated plea was reached and defendant pleaded guilty. However, the court stated the information presented in the search warrants, absent the dog sniff, was sufficient to establish probable cause to search the residences.

¶ 20        The trial court found defense counsel's performance was not below standard and defendant was not prejudiced by his counsel's performance, particularly in light of the potential punishment defendant faced for the amount of drugs he possessed. The court denied the motion to withdraw the guilty plea.

¶ 21        This appeal followed.


¶ 22                                         II. ANALYSIS

¶ 23        On appeal, defendant argues the trial court erred when it did not address his motion to reconsider the sentence. He contends, because his motion alleged the court considered a factor inherent in the offense, rather than merely arguing the sentence was excessive, remand is required to allow the trial court an opportunity to reconsider its sentencing decision.

¶ 24        In *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996), the supreme court held a defendant seeking to challenge the sentence imposed pursuant to a negotiated guilty plea "must (1) move to withdraw the guilty plea and vacate the judgment, and (2) show that the granting of the motion is necessary to correct a manifest injustice." The *Evans* court further held "the motion-to-reconsider-sentence provisions of Rule 604(d) apply only to open guilty pleas." *Id.* A plea agreement in which the defendant pleads guilty in exchange for the State's agreement to cap its sentencing recommendation is a negotiated plea for purposes of *Evans* and Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). *People v. Lumzy*, 191 Ill. 2d 182, 186-87, 730 N.E.2d 20, 22 (2000). In *People v. Catron*, 285 Ill. App. 3d 36, 37, 674 N.E.2d 141, 142 (1996), this court acknowledged, "[b]y agreeing to a potential range of sentences, a defendant implicitly concedes that a sentence imposed within the range cannot be excessive." However, this court further observed, "*Evans* did not consider the situation where the alleged sentencing [error] was allowed to be something more than a mere claim that the sentence is excessive," such as a claim "the trial court gave him the maximum sentence based, in part, upon improper consideration of a factor inherent in the crime." *Id.* at 37-38, 674 N.E.2d at 142. In such a situation, this court did not believe *Evans* would "foreclose a motion to reconsider sentence without vacating the plea." *Id.* at 38, 674 N.E.2d at 142; see also *People v. Economy*, 291 Ill. App. 3d 212, 219, 683 N.E.2d 919, 924 (1997) ("A defendant can still proceed on a motion to reconsider where the defendant appeals because the trial court misapplied the law by

considering improper sentencing factors, and not merely because the sentence was excessive [citation], so long as that issue was included in his motion to reconsider sentence [citation].").

¶ 25 In *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172 (1999), the supreme court extended its reasoning in *Evans* to include challenges to a trial court's ruling on a defendant's motion to reconsider where the plea agreement included a sentencing cap. "The majority reasoned: 'By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is *excessive*.' " (Emphasis added.) *Lumzy*, 191 Ill. 2d at 186-87, 730 N.E.2d at 22 (quoting *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172).

¶ 26 While *Catron* and *Economy* were decided prior to the supreme court's decision in *Linder*, they are not inconsistent with the holding in *Linder*. "*Linder* applies to defendants who challenged the length of their sentence." *People v. Monson*, 2012 IL App (3d) 100868, ¶ 10, 972 N.E.2d 736; *People v. Dover*, 312 Ill. App. 3d 790, 797, 728 N.E.2d 90, 96 (2000) (the *Evans-Linder* doctrine applies when a defendant challenges only the duration of his sentence).

¶ 27 Pursuant to the parties' plea agreement, the State would withdraw counts II and III and cap its sentencing recommendation at 20 years in exchange for defendant's guilty plea to count I. (We note the two counts were dismissed and defendant was sentenced to 20 years' imprisonment. Therefore, the plea agreement was not broken.) Ordinarily, this type of negotiated plea agreement would render inapplicable the motion-to-reconsider-sentence provisions of Rule 604(d) and make a motion to withdraw the plea the only avenue for challenging the sentence. *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250.

¶ 28 However, defendant did not simply challenge his sentence as excessive. While one of the claims in defendant's motion to reconsider argued the sentence imposed was excessive in light of the evidence presented, defendant additionally argued, in a separately numbered claim, the trial court improperly sentenced him when it erroneously considered an element of the offense as a factor in aggravation. Specifically, defendant alleged the court "improperly considered the amount of narcotics that the [d]efendant possessed with intent to deliver, which was already inherent in the offense for which the [d]efendant was being sentenced." Thus, as to this issue, defendant argued the court engaged in improper sentencing as opposed to excessive sentencing. Such a specific challenge is not barred by Rule 604(d) when reading the above-discussed cases in concert. However, remand is unnecessary as defendant's contention in this regard is without merit. See *Economy*, 291 Ill. App. 3d at 221, 683 N.E.2d at 925 (citing *Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 97, 658 N.E.2d 450, 457 (1995) (a reviewing court may sustain a decision on any grounds called for by the record)).

¶ 29 While it is well established a factor inherent in the offense should not be considered as a factor in aggravation at sentencing (*People v. Saldivar*, 113 Ill. 2d 256, 272, 497 N.E.2d 1138, 1144 (1986)), it has also long been held the fact a defendant possessed a quantity of drugs in excess of the minimum for that sentencing range is a factor the trial court may consider when determining the appropriate sentence. See *People v. Peter*, 220 Ill. App. 3d 626, 632, 581 N.E.2d 128, 132 (1991); *People v. Alcala*, 248 Ill. App. 3d 411, 425-26, 618 N.E.2d 497, 507-08 (1993); *People v. Canizalez-Cardena*, 2012 IL App (4th) 110720, ¶ 22, 979 N.E.2d 1014.

¶ 30 Moreover, regarding serious drug offenses, the legislature has stated:

"In determining the appropriate sentence for any conviction under this Act, the sentencing court may consider the following as indicative of the type of offenses which

the legislature deems most damaging to the peace and welfare of the citizens of Illinois and which warrants the most severe penalties:

* * *

(2) offenses involving unusually large quantities of controlled substances, as measured by their wholesale value at the time of the offense[.]" 720 ILCS 570/411 (West 2010).

¶ 31 In the case *sub judice*, defendant was originally charged with unlawful possession with intent to deliver a controlled substance (900 or more grams of cocaine) (count I) (720 ILCS 570/401(a)(2)(D) (West 2010)), a Class X felony punishable by 15 to 60 years in prison; unlawful possession with intent to deliver cannabis (more than 2,000 grams but not more than 5,000 grams) (count II) (720 ILCS 550/5(f) (West 2010)), a Class 1 felony punishable by 4 to 15 years in prison; and unlawful possession of a firearm by a felon (count III) (720 ILCS 5/24-1.1(a) (West 2010)), a Class 2 felony punishable by 3 to 14 years in prison (720 ILCS 5/24-1.1(e) (West 2010)).

¶ 32 When the police executed the search warrants, they seized over 3,000 grams of cocaine, approximately 5,000 grams of cannabis, and over $73,000 in United States currency. In a motion for a source of bail hearing, the assistant State's Attorney indicated the "[a]pproximately 3,045.1 grams of a substance which tested positive for the presence of cocaine and approximately 5,050.4 grams of a substance which tested positive for the presence of cannabis [had] an approximate total 'street value' of $342,388.00." At sentencing, the trial court noted the "approximately 3,000 grams of a substance testing positive for cocaine, and a large, large amount of cannabis" made defendant a "substantial drug dealer." The court further noted the potential maximum sentence could have been 60 years but for the plea agreement, which capped the sentence at 20 years. In context, the court was discussing the need to deter large-scale drug dealers when discussing the enormous amounts of drugs involved here. Deterrence was an appropriate factor for the court to consider. Thus, defendant's argument the court erred in considering the large amount of drugs fails. Accordingly, any error on the part of the court in declining to hear defendant's motion to reconsider was harmless as defendant suffered no prejudice.

¶ 33                                    III. CONCLUSION

¶ 34 For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002(a) (West 2012).

¶ 35 Affirmed.