THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NADINE E. HERMANN, Defendant-Appellant.

Second District No. 2—02—0796

Opinion filed May 27, 2004.

G. Joseph Weller and Darren E. Miller, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Nadine E. Hermann, appeals from an order of the circuit court of Lake County imposing restitution based on a charge of criminal damage to property (720 ILCS 5/21—1(a) (West 2000)) that was dismissed in connection with her negotiated plea of guilty to other charges. Defendant contends that the trial court had no statutory authority to order restitution because she did not agree to pay restitution with respect to that charge. Defendant argues that, because the trial court exceeded its statutory sentencing authority, its order imposing restitution is void and must be vacated. We do not consider the merits of defendant's contention as we find that the case must be remanded to the trial court for compliance with the attorney certification requirements of Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)).

On December 7, 2001, in case No. 01—CM—9020, defendant was charged by information with criminal damage to property (count I) and harassment by telephone (720 ILCS 135/1—1(2) (West 2000)) (count II). The alleged victim of both offenses was Michele Rubenstein, and the criminal damage to property charge arose from the allegation that defendant knowingly damaged the tires on Rubenstein's automobile. On December 19, 2001, in case No. 01—CF—4258, defendant was charged by information with criminal damage to property (count I) and trespass to residence (720 ILCS 5/19—4 (West 2000)) (count II). The alleged victim of both of these offenses was Frank Amelio. The criminal damage to property charge was predicated on damage to a window.

On May 15, 2002, defendant entered a negotiated guilty plea before Judge Diane E. Winter. The State agreed to nol-pros count I of case No. 01—CM—9020 and count II of case No. 01—CF—4258, and defendant agreed to plead guilty to count II in case No. 01—CM—9020 and count I in case No. 01—CF—4258. Evidently, no court reporter was present at the hearing, but the parties have submitted an agreed statement of facts offering a description of events relative to the agreement and defendant's plea. According to the agreed statement of facts:

> "Upon negotiation with the State, Defense Counsel presented an offer to the Defendant. The Defendant agreed to the terms and conditions of the plea agreement which included the following: on motion of the State count one (1) of 01 CM 9020 was nolle pros'd [sic]; the Defendant pled to count two (2) concurrent with 01 CF

4258 [*sic*], was sentenced to eighteen (18) months of probation, a one hundred (100) dollar fine and court costs, probation services fees at five (5) dollars per month, one hundred twenty (120) days in the Lake County Jail with good time credit and credit for time served, one hundred (100) public service hours, open mandate for anger management, no violent or harassing contact with Frank Amelio, no contact with Michelle Rubenstein, and a restitution hearing was set for June 14, 2002, in courtroom 221 at 9:00 a.m. to determine restitution, if any."

Defendant entered her guilty plea, and her attorney prepared a sentencing order using a preprinted form. Paragraph 9 of the conditions of probation obligated defendant to pay restitution in an amount to be determined at the hearing on June 14, 2002. The order did not specify to whom restitution was payable. However, the case numbers 01—CM—9020 and 01—CF—4258 were handwritten on the order next to paragraph 9. Defendant signed the order in acknowledgment that she had received and read the order. According to the agreed statement of facts, Judge Winter wrote the case numbers next to paragraph 9 *sua sponte* and did not inform the State or defense counsel that she had done so.

The restitution hearing was held on June 14, 2002, before Judge Joseph R. Waldeck. At the outset, defendant's attorney advised Judge Waldeck, over the State's objection, that Judge Winter had written the case numbers next to paragraph 9 of the sentencing order after defendant had signed the order. Defendant's attorney also argued that in entering her negotiated plea, defendant had not intended to admit that Rubenstein was entitled to restitution for the damage to her tires and that defendant would seek to withdraw her plea if the trial court viewed the plea agreement that way. The trial court responded as follows:

"The issue is not whether or not [defendant] admitted guilt or whether or not she agreed to pay restitution. She, as I see it on the face of it, entered into an agreement, which is a bargain or a contract; and in return for her pleading guilty to certain counts, certain other counts were dismissed.

The *** counts *** which are alleged in 01 CM 9020 for which the State is seeking restitution, since the restitution issue as pertains to the criminal damage to property since it is not excluded specifically, I would find that it is included ***.

Obviously, she was on notice by the fact that she pled guilty to one of the counts in 01 CM 9020; and the restitution issue, because the order is silent as to excluding restitution issues regarding any of the counts, I think it is properly included."

The State did not pursue restitution for the damage to Frank

Amelio's window. At the restitution hearing, Michele Rubenstein testified that her mother had bought her a new set of tires for $228.65. About a week after the tires were mounted, they were slashed. Rubenstein could not afford another set of new tires, so she purchased a set of used tires for $100. On cross-examination, she acknowledged that she did not see who slashed her tires. The trial court ordered defendant to pay $328.65 in restitution. Defendant filed a motion to reconsider the restitution order. Defense counsel failed to support the motion to reconsider sentence with an attorney's certificate as required by Rule 604(d). Judge Waldeck heard and denied the motion. This appeal followed.

■ This case presents the threshold issue of compliance with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)), which provides, in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment."

Prior to a hearing on any postsentencing motion, Rule 604(d) requires defense counsel to "file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 188 Ill. 2d R. 604(d). Failure to file the appropriate motion ordinarily results in dismissal of the appeal. *People v. Linder*, 186 Ill. 2d 67, 74 (1999). Where the defendant files the proper motion but his or her attorney fails to file the necessary certificate, the case must be remanded to the trial court for new proceedings in compliance with the rule. *People v. Janes*, 158 Ill. 2d 27, 35-36 (1994).

Relying on *People v. Flowers*, 208 Ill. 2d 291 (2003), the State argues that this appeal must be dismissed because defendant failed to file the appropriate motion required by Rule 604(d). The State argues that, because defendant's plea was negotiated, Rule 604(d) required her to file a motion to withdraw guilty plea if she wanted to challenge her sentence. See 188 Ill. 2d R. 604(d). Defendant responds that *Flowers* is distinguishable and asserts that her timely motion to reconsider

sentence was a permissible pleading under Rule 604(d) to assert her contention that the trial court exceeded its statutory sentencing authority when it ordered restitution on a dismissed charge absent an agreement between the parties to do so. See 730 ILCS 5/5—5—6(d) (West 2000).

In *Flowers*, the defendant entered a negotiated plea of guilty to seven counts of forgery and was ordered to pay restitution. *Flowers*, 208 Ill. 2d at 294-95. Following the imposition of sentence, the defendant did not file any postplea motions and her direct appeals were subsequently dismissed by the appellate court. *Flowers*, 208 Ill. 2d at 296. The defendant then filed a postconviction petition alleging that her trial counsel was ineffective for failing to comply with Rule 604(d). More than 16 months after the defendant was sentenced, postconviction counsel filed a motion to reconsider sentence. The trial court denied the motion and the defendant filed a *pro se* notice of appeal from the denial. Postconviction counsel then withdrew the defendant's postconviction petition. *Flowers*, 208 Ill. 2d at 296-97.

On appeal, the defendant argued that the provision of the trial court's sentencing order permitting the Department of Corrections to withhold a portion of her prison income to satisfy the restitution order was void because the trial court lacked any statutory authority to impose the withholding order. The State responded that the appellate court lacked jurisdiction to hear the case because Rule 604(d) required the defendant to file a motion to withdraw guilty plea rather than a motion to reconsider sentence. The State also argued that the motion to reconsider sentence had not been filed within 30 days as required by Rule 604(d). *Flowers*, 208 Ill. 2d at 298. The appellate court rejected the State's arguments and held that a motion to reconsider sentence was sufficient under Rule 604(d) where the trial court's sentence went beyond the terms of the agreement negotiated by the parties. The appellate court also excused the defendant's failure to timely file her motion to reconsider sentence, arguing that Rule 604(d)'s timing requirements can be excused when the interests of justice so require. The appellate court concluded that the trial court's withholding order was void and vacated the order. *Flowers*, 208 Ill. 2d at 298-99.

On further appeal, our supreme court concluded that the trial court lacked subject matter jurisdiction to consider the defendant's motion to reconsider sentence because the motion was not filed within the time required by Rule 604(d). *Flowers*, 208 Ill. 2d at 306. In so holding, the supreme court recognized the well-established principle of law that a void order may be attacked at any time or in any court, either directly or collaterally. However, the court explained that the issue of voidness must be raised in the context of a proceeding that is

properly pending in the courts. *Flowers*, 208 Ill. 2d at 308. The court concluded that, because the appellate court lacked jurisdiction over the case, it was without authority to grant the defendant relief from the allegedly void withholding order. *Flowers*, 208 Ill. 2d at 307. The court noted that its conclusion "render[ed] unnecessary consideration of whether the appellate court was correct, on the merits, when it held that Flowers' Rule 604(d) motion was not deficient for failing to include a request for withdrawal of her guilty plea." *Flowers*, 208 Ill. 2d at 307.

We agree with defendant that *Flowers* is unhelpful in resolving the issues presented in this case. In contrast to the situation in *Flowers*, defendant's Rule 604(d) motion was timely filed in the trial court. Therefore, provided that defendant filed the appropriate postplea motion required by Rule 604(d), defendant's appeal is properly before this court and we have no jurisdictional impediment to considering whether defendant is entitled to relief from the allegedly void sentencing order. See *People v. Thompson*, 209 Ill. 2d 19, 28-29 (2004). The question that we must resolve is whether Rule 604(d) required defendant to move to withdraw her guilty plea in order to assert her challenge to the trial court's statutory authority to enter the restitution order on the dismissed charge. As noted above, the court in *Flowers* expressly declined to consider this precise question. We therefore reject the State's assertions that *Flowers* controls the outcome of this appeal and conclude that consideration of other authorities is necessary.

We begin our analysis with a consideration of the language of the rule. As quoted above, Rule 604(d) provides that, as a prerequisite to filing an appeal from a judgment entered on a guilty plea, a defendant must, within 30 days of the imposition of sentence, file "a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." 188 Ill. 2d R. 604(d). Here, the parties do not dispute that defendant seeks to challenge only her sentence and not her underlying plea of guilty. However, this determination does not end the analysis. Rule 604(d) further provides that no appeal shall be taken upon a negotiated plea of guilty "challenging the sentence as excessive" unless the defendant files, within 30 days of sentencing, a motion to withdraw the guilty plea. 188 Ill. 2d R. 604(d). In this case, defendant does not challenge the trial court's sentence on the basis that it was excessive. Instead, defendant contends that the restitution order was void because the trial court was without statutory authority to impose restitution on the dismissed count absent an agreement between the parties. Defendant also claims that the trial court was

without authority to enter the restitution order because it went beyond the plea agreement reached by the parties. Because defendant has challenged the trial court's legal authority to order restitution and has not claimed that the sentence was excessive, we conclude that Rule 604(d) did not require defendant to move to withdraw her guilty plea. Rather, we hold that the plain language of the rule required defendant to file only a motion to reconsider sentence.

We find support for our conclusion in *People v. Williams*, 179 Ill. 2d 331 (1997), and *People v. Wilson*, 181 Ill. 2d 409 (1998). In *Williams*, the defendant entered a negotiated plea agreement with the State and pleaded guilty to the charge of retail theft. *Williams*, 179 Ill. 2d at 332. Following sentencing, the defendant filed a timely motion to reconsider sentence arguing that the trial court was without statutory authority to impose consecutive sentences of prison and probation for a single offense. *Williams*, 179 Ill. 2d at 332. Relying on *People v. Evans*, 174 Ill. 2d 320 (1996), upon which the present Rule 604(d) is based, the State argued that the defendant was required to withdraw his guilty plea before he could challenge the sentence he received pursuant to the plea agreement. *Williams*, 179 Ill. 2d at 333. Our supreme court rejected the State's argument, explaining that "the defendant does not contend that his sentence was excessive; rather, he argues that the court imposed a sentence which, under the statute, it had no authority to impose." *Williams*, 179 Ill. 2d at 333. The supreme court concluded that *Evans* was inapplicable and did not bar defendant's claim that his sentence was void because it did not conform to the statute. *Williams*, 179 Ill. 2d at 333.

A similar conclusion was reached in *Wilson*, wherein the defendant entered into a plea agreement with the State and pleaded guilty to charges of aggravated battery and unlawful possession of a controlled substance. *Wilson*, 181 Ill. 2d at 410-11. Following sentencing, the defendant filed a motion to reduce sentence, arguing that the term of imprisonment ordered by the trial court exceeded the statutory maximum for the offense. *Wilson*, 181 Ill. 2d at 414. Relying on *Williams*, the supreme court held that because the defendant contended that his sentence violated statutory requirements, his motion to reduce sentence was sufficient to permit appellate review. *Wilson*, 181 Ill. 2d at 413; see also *People v. Exum*, 307 Ill. App. 3d 1000, 1003 (1999) (holding that the defendant's motion to reconsider sentence was sufficient to present claim that trial court exceeded its statutory authority in imposing sentence).

Furthermore, we also note that, where a trial court sentences a defendant outside of the agreed-upon terms of a plea agreement, the defendant may properly raise the issue in a motion to reconsider

sentence and is not required to file a motion to withdraw the guilty plea. See *People v. Foster*, 308 Ill. App. 3d 286, 289 (1999). A motion to reconsider sentence is appropriate in such instances because the defendant is seeking only to be sentenced pursuant to his or her agreement with the State and is not seeking to avoid or modify the terms of the plea agreement. *Foster*, 308 Ill. App. 3d at 288.

■ In light of these authorities, we conclude that defendant's motion to reconsider sentence satisfied the requirements of Rule 604(d). The motion did not allege that the sentence was excessive and was not an improper attempt by defendant to avoid or modify the terms of her plea agreement with the State. Instead, defendant argued that the trial court was without statutory authority to order restitution on the dismissed charge. Also, defendant asserted that the plea agreement entered into by the parties did not require the payment of restitution on the dismissed charge. Under these circumstances, Rule 604(d) did not require defendant to file a motion to withdraw her guilty plea and to vacate the judgment. See *Wilson*, 181 Ill. 2d at 412; *Williams*, 179 Ill. 2d at 333; *Foster*, 308 Ill. App. 3d at 288. Hence, dismissal of the appeal is not warranted.

Having resolved this issue, we are now left with the question of defense counsel's failure to file an attorney's certificate as required by Rule 604(d). Defendant asserts that, despite her trial counsel's failure to comply with the certification requirements of Rule 604(d), judicial economy necessitates that this court consider the issue raised on appeal. We disagree. It is neither a waste of resources nor an exercise in futility to ensure proper compliance with the rules of our supreme court. See *People v. Willis*, 313 Ill. App. 3d 553, 558 (2000). In *Janes*, 158 Ill. 2d at 33, the supreme court held that "the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *Janes*, 158 Ill. 2d at 33. The supreme court has reaffirmed the strict compliance rule articulated in *Janes*. See *People v. Shirley*, 181 Ill. 2d 359, 371 (1998).

Lacking the required certification, we have no assurance that trial counsel consulted with defendant, examined the trial court file and the report of proceedings from the plea of guilty, and made necessary amendments to the motion for adequate presentation for any defects in those proceedings. See 188 Ill. 2d R. 604(d). In addition to the alleged errors raised here, there may be other errors that should be presented for the trial court's review and should be preserved for later review by this court. Pursuant to *Janes*, we reverse the trial court's order denying defendant's motion to reconsider sentence and remand

the case so that defendant can file a new postjudgment motion and receive a hearing on that motion in compliance with Rule 604(d). See *Janes*, 158 Ill. 2d at 33.

For the foregoing reasons, we reverse the judgment of the circuit court of Lake County and remand the case for further proceedings pursuant to Rule 604(d).

Reversed and remanded with directions.

BYRNE and GILLERAN JOHNSON, JJ., concur.