# Illinois Official Reports

## Appellate Court

---

### *People v. Johnson*, 2017 IL App (4th) 160920

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OCTAVIUS LORENZO JOHNSON, Defendant-Appellant. |
| District & No. | Fourth District Docket No. 4-16-0920 |
| Filed | October 31, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 13-CF-1447; the Hon. Scott D. Drazewski, Judge, presiding. |
| Judgment | Reversed; cause remanded with instructions. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Daaron V. Kimmel, of State Appellate Defender's Office, of Springfield, for appellant. |
| | Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Allison Paige Brooks, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion. Justices Steigmann and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Octavius Lorenzo Johnson, appeals the denial of his motion to withdraw his guilty plea, arguing for the first time on appeal the trial court relied on improper sentencing factors at his sentencing hearing. Defendant concedes he forfeited his improper-factor argument but argues the error constitutes second-prong plain error. Defendant also asserts, and the State concedes, he is entitled to one additional day of sentence and *per diem* credit. We reverse defendant's sentence, remand to the trial court for a new sentencing hearing, and direct defendant be awarded one additional day of sentence credit and an additional $5 in *per diem* credit.

¶ 2                                    I. BACKGROUND

¶ 3    In November 2014, defendant pleaded guilty to two counts of unlawful delivery of a controlled substance within 1000 feet of a church, a Class 1 felony (720 ILCS 570/407(b)(2) (West 2012)) punishable by a prison term of 4 to 15 years (730 ILCS 5/5-4.5-30(a) (West 2012)). In exchange for defendant's guilty plea, the State agreed to dismiss seven other charges and recommend a total sentence cap at 13 years' imprisonment. The trial court concurred in the partially negotiated plea agreement and accepted defendant's guilty plea.

¶ 4    At the January 2015 sentencing hearing, the State recommended a 13-year prison sentence in accordance with the negotiated plea agreement, while defense counsel recommended a 6-year prison sentence. The court sentenced defendant to 11 years' imprisonment. To fashion this sentence, the trial court enumerated several mitigating and aggravating factors, reasoning:

> "There is, from looking at the factors in mitigation, the only two factors—and to me, they somewhat meld with one another—but it's under the concept that your attorney was talking about, either rehabilitation, which is, what is the likelihood, in essence of your committing additional crimes based upon your current character, your current attitudes and whether or not you've made amends or made changes in your life and lifestyle in order to prevent yourself from committing other crimes."

The court commended defendant for seeking help with his addiction issues and working toward rehabilitation since being in custody. The court went on, stating:

> "The factors in aggravation, unfortunately from your perspective, well exceed the factors in mitigation, as I already indicated. I think the conduct threatened serious harm. You did receive compensation, that being for committing the offense, that being of selling drugs. You have a history of prior delinquency or criminal activity, and the best way to summarize that is by referring to the last page of the Pre-Sentence Investigation Report. *** [T]here is a necessity to deter others from committing the same types of crimes, so I'm balancing, in essence, the factors in aggravation and mitigation.
>
>     And while I can see the justification for the 13 years by the State, I'm not going to impose that. I'm going to impose a term of 11 years. And so I'm giving you two years' credit off the maximum. The reason I'm doing so is I think you have utilized, in essence, what resources are available to you while you've been in custody in order to try to better yourself and you'll need to continue to use those resources and put your actions behind your words."

The trial court then admonished defendant of his appellate rights and explained defendant must file a motion to withdraw his guilty plea to preserve his right to appeal.

¶ 5    In February 2015, defendant filed a timely *pro se* postplea motion. In the motion, defendant requested a sentence reduction, arguing his sentence was excessive in light of the progress he had made toward rehabilitation. The trial court set the cause for a hearing and appointed counsel for defendant. At the hearing, the court explained it could not reconsider defendant's sentence because the sentence was imposed pursuant to a negotiated plea agreement. The court then told defendant he must move to withdraw his plea if he wished to challenge his sentence, which, if granted, would take the parties "back to square one." Defendant indicated he wished to move forward with a motion to withdraw his guilty plea.

¶ 6    Defendant's appointed counsel was granted leave to amend his *pro se* motion for a sentence reduction, and counsel changed the motion into a motion to withdraw defendant's guilty plea. The motion alleged defendant's "plea was not knowing and voluntary." At an August 2015 hearing, the trial court denied defendant's motion to withdraw his guilty plea, finding defendant entered into the plea agreement knowingly and voluntarily. Though the court had taken the position throughout the proceedings it was unable to hear defendant's *pro se* motion for a sentence reduction because the sentence was imposed pursuant to a negotiated plea agreement, in denying defendant's motion to withdraw his guilty plea, the court stated:

> "With respect to reconsideration of the sentence itself, the Court felt at that time, as I do now, that an 11-year sentence was and is appropriate, notwithstanding the defendant's disappointment. As it relates to then the motion to withdraw guilty pleas, as well as the motion to reconsider sentence, each of those motions are denied."

¶ 7    This appeal followed.

## II. ANALYSIS

¶ 9    This case presents an intricate procedural question: whether a defendant, who entered into a partially negotiated plea agreement, may challenge his sentence on the basis the trial court relied on improper sentencing factors without withdrawing his guilty plea. The Illinois Appellate Court districts are split on this question. See *People v. Palmer-Smith*, 2015 IL App (4th) 130451, ¶ 28, 29 N.E.3d 95 (holding a defendant need not withdraw his plea in order to challenge the sentence based upon the trial court's reliance on improper sentencing factors); *People v. Martell*, 2015 IL App (2d) 141202, ¶ 10, 46 N.E.3d 253 ("[E]ven when the plea is negotiated, a defendant may move only to reconsider his sentence and may appeal from that judgment—as long as the motion and the appeal are based on something other than a contention that the sentence is merely excessive."); *People v. Rademacher*, 2016 IL App (3d) 130881, ¶¶ 57-61, 59 N.E.3d 12 (disagreeing with *Palmer-Smith* and *Martell* and holding such defendants must withdraw their guilty plea if they wish to challenge with their sentence); *People v. Dunn*, 342 Ill. App. 3d 872, 881, 795 N.E.2d 799, 806-07 (2003) (First District, indicating a defendant must withdraw his guilty plea to challenge his sentence imposed pursuant to a negotiated plea agreement); *People v. Richard*, 2012 IL App (5th) 100302, ¶ 24, 970 N.E.2d 35 (concluding "a sentence entered pursuant to a negotiated guilty plea *cannot be directly challenged as excessive*; instead, a motion to withdraw must first be filed" (emphasis added)).

¶ 10    Defendant asserts this court may consider his improper-factors argument because he is not arguing his sentence was excessive and this case is properly before this court on the denial of his motion to withdraw his guilty plea, citing *Palmer-Smith*, 2015 IL App (4th) 130451, ¶ 28, 29 N.E.3d 95. The State argues our *Palmer-Smith* decision was based upon an erroneous interpretation of *Evans*, *Linder*, and the subsequently amended language of Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014), and it urges us to adopt the reasoning of the Third District in *Rademacher*. In support, the State argues Illinois Supreme Court Rule 605(b) and (c) (Ill. S. Ct. R. 605(b)-(c) (eff. Oct. 1, 2001)), when construed *in pari materia* with Rule 604(d), confirms the motion-to-reconsider-sentence provisions do not apply when the plea was negotiated.

¶ 11    Defendant concedes he forfeited his improper-factor argument by failing to include it in his *pro se* motion for a sentence reduction or his amended motion to withdraw his guilty plea. Defendant requests plain-error review, asserting the trial court's reliance on improper sentencing factors constitutes second-prong plain error. Alternatively, defendant requests the rules of forfeiture be relaxed because (1) the filing of a proper motion to reconsider his sentence by appointed counsel would have fallen on "deaf ears" (see *People v. Thompson*, 238 Ill. 2d 598, 612, 939 N.E.2d 403, 412 (2010)) given the trial court's admonishments or (2) his appointed counsel was ineffective for failing to properly amend his *pro se* motion for a sentence reduction and assert his improper-factor argument. The State does not respond to defendant's forfeiture arguments or refute defendant's argument the trial court relied on improper sentencing factors.

¶ 12    Finally, defendant asserts, and the State concedes, he is entitled to one additional day of sentence and *per diem* credit.

¶ 13                    A. Defendant's Argument That the Trial Court Relied Upon
                                    Improper Sentencing Factors

¶ 14    Because we must resolve a Rule 604(d) procedural question, we will begin our analysis with a discussion of Rule 604(d) and the relevant case law shaping the application of the rule.

¶ 15                                    1. *Rule 604(d)*
¶ 16                                a. Supreme Court Precedent
¶ 17    Prior to the supreme court's decision in *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996), Rule 604(d) did not distinguish between open and negotiated plea agreements. At the time, the rule stated:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Aug. 1, 1992).

¶ 18    In *Evans*, the supreme court considered a case in which the defendant entered into a fully negotiated plea agreement with the State and subsequently challenged his sentence as excessive, despite the fact he was sentenced to the State's recommendation per the agreement. *Evans*, 174 Ill. 2d at 322-23, 673 N.E.2d at 245. Applying contract principles, the supreme court reasoned "[t]o permit a defendant to challenge his sentence without moving to withdraw

the guilty plea *** would vitiate the negotiated plea agreement he entered into with the State." *Id.* at 332, 673 N.E.2d at 250. Consequently, the court concluded the motion-to-reconsider provisions of Rule 604(d) do not apply to fully negotiated plea agreements, and to challenge a sentence as excessive following a fully negotiated plea, the plea must first be withdrawn. *Id.* In so holding, the supreme court espoused the following policy considerations it relied on:

> "Were we to hold otherwise would be to encourage gamesmanship of a most offensive nature. [Citation.] The accused could negotiate with the State to obtain the best deal possible in modifying or dismissing the most serious charges and obtain a lighter sentence than he would have received had he gone to trial or entered an open guilty plea, and then attempt to get that sentence reduced even further by reneging on the agreement. This would be nothing more than a heads-I-win-tails-you-lose gamble. [Citations.] Prosecutors would be discouraged from entering into negotiated plea agreements were such an unfair strategy allowed to succeed. That result certainly would not advance our policy of encouraging properly administered plea bargains." (Internal quotation marks omitted.) *Id.* at 327-28, 673 N.E.2d at 248.

¶ 19 The supreme court later extended this reasoning to cases where "the defendant agrees to plead guilty in exchange for the State's dismissal of certain charges and recommendation of a cap on his sentence," *i.e.*, a partially negotiated plea agreement. *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172 (1999). The court specifically stated, "By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive." *Id.*

¶ 20 Following *Evans* and *Linder*, the supreme court amended Rule 604(d) to include the following language, which remains in the current version of Rule 604(d):

> "No appeal shall be taken upon a negotiated plea of *guilty challenging the sentence as excessive* unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Nov. 1, 2000).

While the rule is clear on cases involving excessive-sentence arguments, this iteration of the rule—particularly the emphasized language—leaves open the question of whether an improper-sentence argument is similarly foreclosed by the failure to withdraw the negotiated guilty plea. Supreme court precedent, while addressing the application of Rule 604(d) to different types of plea agreements, does not squarely resolve this question. See *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172 (extending the *Evans* reasoning to partially negotiated plea agreements in which the State agrees to a sentencing cap); *People v. Lumzy*, 191 Ill. 2d 182, 187, 730 N.E.2d 20, 23 (2000) (holding *Evans* is inapplicable to partially negotiated plea agreements where sentencing recommendations or concessions were *not* part of the plea agreement, thereby allowing such arguments to be made in a postplea motion to reconsider the sentence).

¶ 21 To resolve this issue, we find instructive the supreme court's decisions in *People v. Williams*, 179 Ill. 2d 331, 333, 688 N.E.2d 1153, 1154 (1997), and *People v. Wilson*, 181 Ill. 2d 409, 413, 692 N.E.2d 1107, 1108 (1998). In *Williams*, the defendant agreed to plead guilty to

one charge in exchange for which the State dropped another change and recommended a sentence cap. *Williams*, 179 Ill. 2d at 332, 688 N.E.2d at 1153. The defendant appealed, challenging his sentence as void without withdrawing his guilty plea. *Id.* The supreme court held as follows:

"Initially, the State raises a procedural issue, arguing that defendant was required to withdraw his guilty plea before he could challenge the sentence he received pursuant to the plea agreement. As the defendant failed to move to withdraw his guilty plea, the State contends that he should be barred from protesting his sentence now. In [*Evans*] we held that a defendant who pleads guilty in exchange for a specific sentence must move to withdraw his guilty plea before challenging his sentence. In *Evans*, however, the sentences were within statutory limits and the defendants only asserted that their sentences were excessive. In the instant case, the defendant does not contend that his sentence was excessive; rather, he argues that the court imposed a sentence which, under the statute, it had no authority to impose. Thus, *Evans* is inapplicable and cannot bar defendant's claim that his sentence was void because it does not conform with the statute." *Id.* at 332-33, 688 N.E.2d at 1154.

¶ 22　　Similarly, in *Wilson*, the defendant challenged his sentence, which was within the sentencing cap pursuant to his negotiated plea agreement, arguing his sentence was not statutorily authorized. *Wilson*, 181 Ill. 2d at 413-14, 692 N.E.2d at 1108-09. The State again argued *Evans* barred the defendant's claim because he did not withdraw his guilty plea. *Id.* at 412, 692 N.E.2d at 1108. The supreme court reiterated its *Williams* holding, stating:

"[W]e find that *Evans* is inapplicable to this case and cannot bar defendant's challenge to his sentences. As we pointed out in *Williams*, the sentences in *Evans* conformed to statutory requirements and the defendants only claimed that their sentences were excessive. [Citation.] In contrast, in the instant case, [the defendant] argues that the trial court imposed sentences which violated statutory requirements. *According to our reasoning in* Williams, *[the defendant's] claim of improper sentencing by the trial court is not barred and can be considered regardless of whether [the defendant] complied with the requirements of* Evans. [Citation.] We find that under *Williams*, a challenge to a trial court's statutory authority to impose a particular sentence is not waived when a defendant fails to withdraw his guilty plea and vacate the judgment." (Emphasis added.) *Id.* at 413, 692 N.E.2d at 1108.

Notably, both *Williams* and *Wilson* limited the application of *Evans* to cases involving excessive-sentence arguments and allowed improper-sentence arguments to be raised without first withdrawing the negotiated guilty plea.

¶ 23　　　　　　　　　　　　　　　　b. District Split

¶ 24　　Following *Evans*, this court has consistently held the reasoning of *Evans* and its progeny do not foreclose an improper-sentence argument absent a withdrawal of a defendant's guilty plea. The same year *Evans* was decided, this court considered a case in which the defendant challenged his sentence pursuant to a partially negotiated plea agreement on the basis the trial court considered improper sentencing factors when imposing the maximum sentence allowed under the agreement. *People v. Catron*, 285 Ill. App. 3d 36, 37, 674 N.E.2d 141, 142 (1996). In considering the supreme court's then-recent decision in *Evans*, we remarked:

"We recognize that *Evans* did not consider the situation where the alleged sentencing was allowed to be something more than a mere claim that the sentence is excessive. One such claim is that which defendant attempts to raise here, namely, that the trial court gave him the maximum sentence based, in part, upon improper consideration of a factor inherent in the crime. Had defendant raised this issue in the trial court, we do not believe *Evans* would foreclose a motion to reconsider sentence without vacating the plea." *Id.* at 37-38, 674 N.E.2d at 142.

See also *People v. Economy*, 291 Ill. App. 3d 212, 218-19, 683 N.E.2d 919, 924 (1997) (reaffirming *Catron* and addressing criticisms of the decision by other districts); *People v. Payne*, 294 Ill. App. 3d 254, 258, 689 N.E.2d 631, 634 (1998) ("However, where a defendant asserts in the trial court more than a general claim that his sentence is excessive, he is allowed to raise that issue by a motion to reconsider sentence.").

¶ 25    We recently revisited the question of whether a defendant must withdraw his guilty plea to challenge his sentence on the basis the trial court relied on improper sentencing factors. *Palmer-Smith*, 2015 IL App (4th) 130451, ¶¶ 23-28, 29 N.E.3d 95. Resolving this question in the negative, we noted the defendant "argued the court engaged in improper sentencing as opposed to excessive sentencing." *Id.* ¶ 28. We held, when considering *Evans*, *Linder*, *Lumzy*, *Catron*, and *Economy* in concert, Rule 604(d) does not bar such a claim. *Id.* Notably, our conclusion is also consistent with *Wilson*, 181 Ill. 2d at 413, 692 N.E.2d at 1108 ("According to our reasoning in *Williams*, [the defendant's] claim of improper sentencing by the trial court is not barred and can be considered regardless of whether [the defendant] complied with the requirements of *Evans*.").

¶ 26    The Second District reached a similar conclusion in *People v. Dover*, 312 Ill. App. 3d 790, 797, 728 N.E.2d 90, 96 (2000) ("Based upon our review of supreme court precedent, we conclude that, when a defendant challenges only the duration of the sentence imposed by a trial court, the *Evans-Linder* doctrine applies ***."). The Second District reiterated this conclusion in *People v. Martell*, 2015 IL App (2d) 141202, ¶ 10, 46 N.E.3d 253 ("Nonetheless, even when the plea is negotiated, a defendant may move only to reconsider his sentence and may appeal from that judgment—as long as the motion and the appeal are based on something other than a contention that the sentence is merely excessive.").

¶ 27    The Third District disagreed with our decision in *Palmer-Smith*, concluding regardless of whether a defendant challenges his sentence as excessive or improper, he must withdraw his plea. *Rademacher*, 2016 IL App (3d) 130881, ¶¶ 56-61, 59 N.E.3d 12. The Third District opined, "Any distinction between excessive sentencing and improper sentencing is one without any practical difference." *Id.* ¶ 58. According to the Third District,

"Any improper sentencing argument is, by its very nature, an implicit argument that the sentence imposed was excessive. In other words, as the trial court in the present case aptly noted, any distinction between improper and excessive is merely a play on words—any sentence which is unfair or the result of bias is[,] by definition, excessive." (Internal quotation marks omitted.) *Id.*

The Third District was concerned with drawing a distinction between excessive sentencing and improper sentencing, asserting such a distinction would "completely swallow the withdrawal requirement of Rule 604(d), reducing that requirement to nothingness in the context of partially negotiated pleas." *Id.* ¶ 60. The Third District thus concluded a defendant must

withdraw his guilty plea to challenge any aspect of his sentence imposed pursuant to a partially negotiated plea agreement. *Id.*

The First and Fifth Districts appear to have reached similar conclusions to the Third District. In *Dunn*, the First District considered whether the trial court erred by failing to admonish the defendant about the right to file a postplea motion to reconsider his sentence following a negotiated plea. *Dunn*, 342 Ill. App. 3d at 881, 795 N.E.2d at 806-07. The First District, applying a similar logic used in the State's *in pari materia* argument *sub judice*, reasoned:

> "The right to file a motion to reduce sentence is a required admonition under Rule 605(b), which governs nonnegotiated pleas, but is not, however, a required admonition under Rule 605(c), which governs negotiated pleas, as is the case here. A defendant who enters a negotiated plea of guilty cannot file a motion to reconsider sentence, but can file a written motion to have the judgment vacated and to withdraw the plea of guilty." *Id.*

The Fifth District has likewise concluded the trial court does not have "the authority to reconsider a defendant's negotiated-cap sentence when the guilty plea has not been successfully withdrawn." *Richard*, 2012 IL App (5th) 100302, ¶ 18, 970 N.E.2d 35. However, the Fifth District's conclusion appears to limit this holding to cases involving an excessive-sentence argument as opposed to an improper-sentence argument. *Id.* ¶ 24 ("[A] sentence entered pursuant to a negotiated guilty plea *cannot be directly challenged as excessive*; instead, a motion to withdraw must first be filed." (Emphasis added.)).

### 2. *The Parties' Arguments*

For the reasons that follow, we respectfully disagree with the First, Third, and Fifth Districts to the extent they hold an improper-sentence argument may not be raised absent withdrawal of a partially negotiated guilty plea, and we decline the State's invitation to depart from our decisions in *Catron*, *Economy*, and *Palmer-Smith*.

The Third District asserts "[a]ny distinction between excessive sentencing and improper sentencing is one without any practical difference." *Rademacher*, 2016 IL App (3d) 130881, ¶ 58, 59 N.E.3d 12. To the contrary, we believe there is an important practical difference. When a defendant challenges his sentence based upon the trial court's reliance on an improper sentencing factor, he is asserting his constitutional right to a fair sentencing hearing was violated. The mere fact a defendant agrees to a negotiated plea does not mean he has agreed to give up his right to be fairly sentenced in accordance with the laws of the State of Illinois. To say excessive-sentence and improper-sentence challenges are the same is to diminish the statutory and constitutional protections in place to ensure defendants are fairly and justly sentenced. For these reasons and the following, we respectfully disagree with the Third District's decision in *Rademacher*.

Our decisions holding improper-sentencing arguments may be raised without withdrawing a partially negotiated plea are consistent with the supreme court's decisions in *Evans*, *Linder*, *Williams*, and *Wilson* as well as with the plain language of Rule 604(d). Rule 604(d) states: "No appeal shall be taken upon a negotiated plea of guilty *challenging the sentence as excessive* unless the defendant *** files a motion to withdraw the plea of guilty and vacate the judgment." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Nov. 1, 2000). The express language of Rule 604(d) limits its application to excessive-sentence challenges and says nothing of

improper-sentence challenges. The plain language of Rule 604(d) therefore supports our interpretation of the rule. See *People v. Salem*, 2016 IL 118693, ¶ 11, 47 N.E.3d 997 ("With rules, as with statutes, our goal is to ascertain and give effect to the drafters' intention. [Citation.] The most reliable indicator of intent is the language used, which must be given its plain and ordinary meaning." (Internal quotation marks omitted.)).

¶ 33        Contrary to the State's argument, this interpretation is also supported by the supreme court's holding in *Linder*: "By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap *on the grounds that it is excessive*." (Emphasis added.) *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1172. Allowing a defendant to challenge his sentence as improper without withdrawing his negotiated guilty plea thus does not offend the supreme court's holding in *Linder*. See also *Palmer-Smith*, 2015 IL App (4th) 130451, ¶¶ 26, 28, 29 N.E.3d 95; *Catron*, 285 Ill. App. 3d at 37-38, 674 N.E.2d at 142.

¶ 34        Additionally, the *Evans-Linder* rule applies contract principles to negotiated plea agreements to ensure the State is not unfairly bound "to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms." *Linder*, 186 Ill. 2d at 74, 708 N.E.2d at 1173. Allowing a defendant to challenge his sentence as improper—rather than excessive—does not offend this principle.

¶ 35        The *quid pro quo* for a defendant's partially negotiated guilty plea is the State's recommendation. *People v. Whitfield*, 217 Ill. 2d 177, 191, 840 N.E.2d 658, 667 (2005) (citing *People v. McCoy*, 74 Ill. 2d 398, 403, 385 N.E.2d 696, 699 (1979)). However, after the State and the defendant have performed their duties under the agreement, the trial court still must fashion an appropriate sentence based upon counsels' recommendations and the statutory sentencing factors. Indeed, it could be said the plea agreement relies on the basic assumption the trial court will conduct a proper sentencing hearing and consider only proper sentencing factors.

¶ 36        According to the frustration of purpose doctrine:

> "Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary." Restatement (Second) of Contracts § 265 (1981).

Justice Theis recently examined this doctrine in the context of negotiated plea agreements in her dissent in *People v. Shinaul*, 2017 IL 120162, ¶¶ 35-38 (Theis, J., dissenting). Citing *United States v. Bunner*, 134 F.3d 1000, 1005 (10th Cir. 1998), Justice Theis explained, "once the underlying purpose of the agreement was frustrated and the basis of the *** bargain destroyed, the *** remedy was to either (1) perform according to the letter of the plea agreement or (2) seek discharge of its duties and return the parties to the positions they occupied before defendant entered his negotiated guilty plea." (Internal quotation marks omitted.) *Shinaul*, 2017 IL 120162, ¶ 38 (Theis, J., dissenting.).

¶ 37        In the interest of judicial economy, the first remedy would be preferable in the context of an unfair sentencing following a partially negotiated plea agreement, which would take the form of simply filing a motion to reconsider the sentence in light of the trial court's errors during the sentencing hearing. This is the remedy supported by this court's decisions in *Catron*, *Economy*, and *Palmer-Smith*. Alternatively, the defendant could seek withdrawal of his guilty

plea, thereby taking advantage of the second remedy, which is the remedy the State supports as well as the Third District in *Rademacher* and, seemingly, the First District in *Dunn* and the Fifth District in *Richard*. However, where, as here, the defendant merely seeks a fair sentencing, requiring the plea to be withdrawn and the parties returned to the *status quo* would be an unnecessary waste of time and resources, given neither party seeks to change the terms of the plea agreement.

¶ 38 Application of the first remedy in such a situation is also supported by the logic employed by the supreme court in *Williams* and *Wilson*, which stands for the proposition that where a sentence is void or otherwise not statutorily authorized, a defendant need not withdraw his negotiated guilty plea to challenge his sentence. *Williams*, 179 Ill. 2d at 332-33, 688 N.E.2d at 1154; *Wilson*, 181 Ill. 2d at 413, 692 N.E.2d at 1108.

¶ 39 In the context of partially negotiated plea agreements, the effect of the trial court's act of imposing a void sentence or a sentence not authorized by statute is similar to the act of fashioning a sentence based on improper sentencing factors in that the court has imposed a sentence which does not comply with the law. In considering the policy of ensuring each party is held to their end of the plea bargain, the trial court's errors do not alter the State's or the defendant's adherence to the agreement, but it does unilaterally alter the terms of the agreement without the assent of either the State or the defendant. Thus, in this context, we see no difference between the effect of the trial court's imposition of a void sentence and the trial court's imposition of a sentence in reliance on improper sentencing factors. It would then logically follow a defendant need not withdraw his guilty plea to raise an unfair-sentence challenge when his sentence has been crafted in reliance on improper sentencing factors, as is the case when the court imposes a void sentence (*Williams*, 179 Ill. 2d at 332-33, 688 N.E.2d at 1154).

¶ 40 It is also good policy to allow a defendant to raise an unfair-sentence argument in a motion to reconsider the sentence without requiring him to withdraw the negotiated guilty plea. To hold otherwise places the onus of the trial court's sentencing error—not to mention the burden of proof accompanying a motion to withdraw a guilty plea—on the defendant. Given the fact "[a] defendant does not have an absolute right to withdraw [her] guilty plea" (*People v. Manning*, 227 Ill. 2d 403, 412, 883 N.E.2d 492, 498 (2008)), there is the possibility for the untenable situation where the defendant may be unfairly bound to an agreement containing a term to which he did not agree, *i.e.*, the surrender of his constitutional right to a fair sentencing hearing. Just as we would not unfairly bind the State to a negotiated plea agreement, we likewise should not unfairly bind a defendant to such an agreement.

¶ 41 We concede there is merit in the State's *in pari materia* argument, which the First District appears to have likewise employed in its decision in *Dunn*. Rule 605(c) outlines the admonishments a trial court is to give to a defendant upon a negotiated guilty plea and omits reference to a motion to reconsider the sentence, instead indicating the defendant must file a motion to withdraw his guilty plea in order to preserve his right to appeal. Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). The fact Rule 605(c) does not provide an admonition relating to a motion to reconsider the sentence supports the State's argument Rule 604(d) does not allow a defendant to file a motion to reconsider his sentence pursuant to a negotiated plea agreement. See also *Dunn*, 342 Ill. App. 3d at 881, 795 N.E.2d at 806. This omission also creates the anomalous situation where a trial court, which strictly complies with Rule 605(c), does not admonish a

defendant with respect to his right to file a motion to reconsider his sentence in a case where he does not seek to challenge his sentence as merely excessive.

¶ 42    However, we do not find this single argument conclusive in light of our previous discussion and application of contract principles. We thus decline to depart from our decisions in *Catron*, *Economy*, and *Palmer-Smith* and continue to hold a defendant need not withdraw his guilty plea to raise an improper-sentence argument despite entering into a partially negotiated plea agreement. We therefore turn to the merits of defendant's argument, which the State does not address.

¶ 43                                   3. *Plain Error*

¶ 44    Defendant concedes he forfeited his improper-sentence argument by failing to include the argument in his *pro se* motion for a sentence reduction or his amended motion to withdraw his guilty plea. See Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016) ("Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived."). He thus requests plain-error review, asserting the consideration of improper sentencing factors constitutes second-prong plain error. The State does not respond to these arguments.

¶ 45    "The plain-error doctrine permits a reviewing court to by-pass normal rules of forfeiture and consider '[p]lain errors or defects affecting substantial rights *** although they were not brought to the attention of the trial court.' " *People v. Eppinger*, 2013 IL 114121, ¶ 18, 984 N.E.2d 475 (quoting Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967)).

> "Plain-error review is appropriate under either of two circumstances: (1) when 'a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error'; or (2) when 'a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence.' " *Id.* (quoting *People v. Piatkowski*, 225 Ill. 2d 551, 565, 870 N.E.2d 403, 410-11 (2007)).

To establish second-prong plain error, "the defendant must prove *** the error was so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Herron*, 215 Ill. 2d 167, 187, 830 N.E.2d 467, 479-80 (2005). As a matter of convention, we first ascertain whether an error occurred at all. *People v. Shaw*, 2016 IL App (4th) 150444, ¶ 69, 52 N.E.3d. 728.

¶ 46    It is well established that the trial court shall not consider a factor inherent in the offense as an aggravating factor at sentencing. *Palmer-Smith*, 2015 IL App (4th) 130451, ¶ 29, 29 N.E.3d 95 (citing *People v. Saldivar*, 113 Ill. 2d 256, 272, 497 N.E.2d 1138, 1144 (1986)). Defendant argues the trial court considered two factors inherent in the offense in aggravation at his sentencing: compensation and harm to society.

¶ 47    "[C]ompensation is an implicit factor in most drug transactions" and generally may not be considered as an aggravating factor. *People v. McCain*, 248 Ill. App. 3d 844, 851, 617 N.E.2d 1294, 1299 (1993); see also *People v. Smith*, 198 Ill. App. 3d 695, 698, 556 N.E.2d 307, 309 (1990). Here, the trial court erroneously considered compensation as an aggravating factor when it listed the factors in aggravation at the sentencing hearing.

¶ 48    The trial court also stated, "I think the conduct threatened serious harm" when listing the factors in aggravation at sentencing. "If a trial court intends to consider the societal harm defendant's conduct threatened to cause as an aggravating factor, the record must demonstrate that the conduct of the defendant had a greater propensity to cause harm than that which is merely inherent in the offense itself." *McCain*, 248 Ill. App. 3d at 852, 617 N.E.2d at 1300. The record does not reflect any such particular propensity to cause harm beyond the harm inherent in the sale or delivery of controlled substances. We thus conclude consideration of this factor in aggravation was likewise erroneous.

¶ 49    Generally, where "a trial court considers an improper factor in aggravation, the case must be remanded unless it appears from the record that the weight placed upon the improper factor was so insignificant that it did not lead to a greater sentence." *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18, 973 N.E.2d 459; *cf. People v. Bourke*, 96 Ill. 2d 327, 332, 449 N.E.2d 1338, 1340 (1983) ("However, where it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required."). The following considerations have been used to make this determination: "(1) whether the trial court made any dismissive or emphatic comments in reciting its consideration of the improper factor[ ] and (2) whether the sentence received was substantially less than the maximum sentence permissible by statute." *Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18, 973 N.E.2d 459.

¶ 50    The trial court here did not make any dismissive or emphatic comments when discussing the improper factors. Rather, the court listed the factors in mitigation and then turned to the factors in aggravation, during which the court listed the above-referenced improper factors. The court did not specifically elaborate on compensation or threat of harm, instead simply enumerating them among other aggravating factors.

¶ 51    Turning to the sentence imposed, the State and defendant agreed to a sentence cap of 13 years' imprisonment, whereas the maximum sentence for defendant's conviction was 15 years in prison. The court sentenced defendant to 11 years' imprisonment, highlighting defendant's work toward rehabilitation while in custody as its reason for not imposing the 13-year sentence recommended by the State. The record is unclear whether or how much weight was afforded to the improper aggravating factors, which would generally require remandment for a new sentencing hearing. See *id.* ¶ 19; *People v. Sanders*, 2016 IL App (3d) 130511, ¶ 17, 58 N.E.3d 661.

¶ 52    Having determined the trial court committed reversible error by considering two factors inherent in the crime in aggravation at sentencing, we must now determine whether these errors rise to the level of plain error. Defendant cites *Abdelhadi* for the proposition "when a trial court considers erroneous aggravating factors in determining the appropriate sentence of imprisonment, the defendant's fundamental right to liberty is unjustly affected, which is seen as a serious error." (Internal quotation marks omitted.) *Abdelhadi*, 2012 IL App (2d) 111053, ¶ 7, 973 N.E.2d 459; see also, *Sanders*, 2016 IL App (3d) 130511, ¶¶ 15-17, 58 N.E.3d 661 ("[T]he trial court's express finding that the defendant's conduct caused or threatened serious harm, a factor inherent in the offense[,] *** impinged on the defendant's right not to be sentenced based on an improper factor and affected his fundamental right to liberty."); but see *People v. Rathbone*, 345 Ill. App. 3d 305, 311, 802 N.E.2d 333, 338 (2003) (holding "[I]t is not a sufficient argument for plain[-]error review to simply state that because sentencing affects the defendant's fundamental right to liberty, any error committed at that stage is reviewable as

plain error. Because all sentencing errors arguably affect the defendant's fundamental right to liberty, determining whether an error is reviewable as plain error requires more in-depth analysis.").

¶ 53 Aside from quoting *Abdelhadi*, defendant does not explain how, under these circumstances, the trial court's consideration of improper sentencing factors constitutes second-prong plain error. At oral argument, defendant indicated the trial court's action constitutes plain error for the same reason it constitutes reversible error. Alternatively, defendant requests in his brief we relax the rules of forfeiture because, even if his improper-sentence argument had been properly preserved in a motion to reconsider his sentence, the argument would have fallen on "deaf ears" because the court indicated it could not entertain a motion to reconsider defendant's sentence. See *Thompson*, 238 Ill. 2d at 612, 939 N.E.2d at 412.

¶ 54 Plain-error analysis is separate from reversible-error analysis. This court as well as the supreme court have "consistently emphasized the limited nature of the plain[-]error exception." (Internal quotation marks omitted.) *People v. Hanson*, 2014 IL App (4th) 130330, ¶ 27, 25 N.E.3d 1; see also *People v. Easley*, 148 Ill. 2d 281, 337, 592 N.E.2d 1036, 1061 (1992). "The plain-error doctrine is not a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court. [Citation.] Instead, it is a narrow and limited exception to the general rule of forfeiture, whose purpose is to protect the rights of the defendant and the integrity and reputation of the judicial process. [Citation.]" (Internal quotation marks omitted.) *Hanson*, 2014 IL App (4th) 130330, ¶ 27, 25 N.E.3d 1. Since *Rathbone*, "we have declined to automatically apply the plain-error doctrine to forfeited claims regarding sentencing." *Id.* ¶ 29. Instead, defendant bears the burden of proving the reversible error "was sufficiently grave that it deprived the defendant of a fair sentencing hearing." *Id.* ¶ 26.

¶ 55 Despite defendant's failure to fully develop his plain-error argument, we are persuaded the rules of forfeiture should be relaxed in this particular situation, especially in light of the lack of clarity with respect to defendant's Rule 604(d) rights and obligations. The trial court here enumerated four aggravating factors, two of which were factors inherent in the offense. The consideration of multiple improper factors raises the seriousness of the court's error. It appears from the record these improper factors impacted the court's sentencing decision, which, in turn, affected the fairness of defendant's sentencing hearing, as the court's consideration of these factors was unlawful. Compare *People v. Maggio*, 2017 IL App (4th) 150287, ¶ 50 (concluding the trial court's reliance on an improper sentencing factor was second-prong plain error), with *Rathbone*, 345 Ill. App. 3d at 312, 802 N.E.2d at 339 (concluding the alleged sentencing error was not plain error because the "claim addresse[d] the trial court's exercise of its discretion, not the fairness of the proceedings or the integrity of the judicial process").

¶ 56 We thus reverse defendant's sentence under the second prong of the plain error analysis and remand the cause for resentencing. We stress, however, this opinion should not be read to stand for the proposition every case involving a trial court's consideration of an improper sentencing factor automatically constitutes plain error sufficient to overcome forfeiture. See *Hanson*, 2014 IL App (4th) 130330, ¶¶ 27-29, 25 N.E.3d 1.

¶ 57                              B. Sentence and *Per Diem* Credit

¶ 58            Defendant argues he is entitled to one additional day of sentence and *per diem* credit, citing *People v. Hutchcraft*, 215 Ill. App. 3d 533, 534, 574 N.E.2d 1337, 1337-38 (1991) ("[I]f a defendant is held in custody for any part of a day, he is entitled to credit against his sentence for that day; *i.e.*, in counting days for purposes of sentence credit *** both the first and last days are counted."). See also 725 ILCS 5/110-14 (West 2016) (authorizing credit of $5 per day spent in custody on a bailable offense to be assessed against fines imposed). He asserts the trial court awarded him 450 days of credit for the period of October 23, 2013, to January 15, 2015, but he was not awarded credit for the day he was arrested: October 22, 2013. The State concedes defendant is entitled to one additional day of sentence credit and an additional $5 in *per diem* credit for October 22, 2013. We accept the State's concession and remand to the trial court to add one additional day of sentence credit and an additional $5 in *per diem* credit.

¶ 59                                     III. CONCLUSION

¶ 60            We reverse defendant's sentence, remand to the trial court for a new sentencing hearing, and direct defendant be awarded one additional day of sentence credit and an additional $5 in *per diem* credit.

¶ 61            Reversed; cause remanded with instructions.