2023 IL App (3d) 220400

Opinion filed August 7, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-22-0400 |
| v. | ) ) | Circuit No. 20-CF-1550 |
| WILLIE J. ERBY, | ) ) | Honorable Carmen J. Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court, with opinion.
Justice Hettel concurred in the judgment and opinion.
Presiding Justice Holdridge specially concurred, with opinion.

_____

**OPINION**

¶ 1    After entering a guilty plea, defendant, Willie J. Erby, was convicted of theft. Defendant was sentenced to 24 months' conditional discharge and ordered to pay $15,321 in restitution. On appeal, defendant argues the amount of restitution was unsupported by the evidence. We dismiss the appeal.

¶ 2                                  I. BACKGROUND

¶ 3    Defendant was charged with theft (720 ILCS 5/16-1(a)(1)(A) (West 2020)) and criminal damage to property (*id.* § 21-1(a)(1)). The charging instrument alleged defendant knowingly

obtained unauthorized control over property belonging to M & M Mars DHL Supply Chain (DHL), specifically packs of candy bars, and intended to permanently deprive the company of use or benefit of the property. As part of a negotiated plea agreement, the State dismissed the criminal damage to property charge and defendant pled guilty to theft in exchange for a sentence of two years' conditional discharge, court costs, and a hearing to determine restitution. Defendant affirmed his plea of guilty after the circuit court explained he would be agreeing to the imposition of an unspecified amount of restitution, which would be determined at a separate hearing.

¶ 4    At the restitution hearing, the State requested $15,321.85. This amount reflected the total value of nine pallets containing 30-pack cases of Mars candy bars alleged to have been damaged by defendant due to theft. DHL regional security manager Nicole Strickland testified for the State that she had reviewed photograph stills taken from video surveillance of the warehouse where defendant worked. The surveillance video showed that on March 22, 2020, defendant entered the warehouse with an empty gym bag and then left with the bag full and partially unzipped, revealing a blue box inside. The blue box was identified as a 30-pack case of Mars candy bars. Subsequent inventory checks indicated nine pallets loaded with that particular product had recently been written off as damaged and destroyed due to missing items. Additional surveillance footage from several other dates showed defendant entered the warehouse with an empty gym bag and left with the bag appearing to be full. On those occasions, the contents inside the bag were not visible.

¶ 5    On cross-examination, Strickland confirmed there was no video surveillance showing defendant at the pallets. Strickland further testified that one pallet was found in the wrong location in the warehouse a month after it was written off as damaged. Strickland explained that the warehouse was approximately 1.2 or 1.3 million square feet and with the amount of volume handled there a pallet could be misplaced within the warehouse and not be discovered for a period

of time. After this explanation, the court ended the cross-examination and ordered $15,321 in restitution.

¶ 6        Defendant filed a motion to reconsider sentence, arguing the State failed to present sufficient evidence to support the amount of restitution and the court erred in ruling before defense counsel finished its cross-examination of Strickland or presented any witnesses, including defendant. The court denied defendant's motion, and defendant appealed. We remanded for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *People v. Erby*, No. 3-21-0600 (Ill. Apr. 18, 2022) (unpublished minute order). Defendant filed an amended motion to reconsider sentence, again challenging the restitution order on the same grounds as the previous motion, which was denied. Defendant appealed.

¶ 7                                              II. ANALYSIS

¶ 8        On appeal, defendant argues that the circuit court erred in ordering a restitution value that was unsupported by the evidence presented. At the outset, the State argues this appeal should be dismissed, as defendant's challenge to the restitution amount is essentially an excessive sentence challenge and defendant failed to file a motion to withdraw his guilty plea as required under Rule 604(d), thus barring him from contesting restitution on appeal. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). We review issues regarding proper application of Rule 604(d) *de novo*. *People v. Robinson*, 2021 IL App (4th) 200515, ¶ 11.

¶ 9        Rule 604(d) provides, in pertinent part:

          "No appeal from a judgment entered upon a plea of guilty shall be taken unless the

          defendant, within 30 days of the date on which sentence is imposed, files in the trial

          court a motion to reconsider the sentence, if only the sentence is being challenged,

or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Compliance with Rule 604(d) is a condition precedent to an appeal from a plea of guilty, and dismissal is proper when this condition is not met. *People v. Wilk*, 124 Ill. 2d 93, 107 (1988). In challenging a sentence pursuant to a negotiated plea agreement, a defendant must first move to withdraw the guilty plea and vacate the judgment. *People v. Evans*, 174 Ill. 2d 320, 332 (1996).

¶ 10 The State relies on *People v. Johnson*, 2019 IL 122956, to reinforce its assertion that defendant's challenge to the restitution amount as unsupported by the evidence is an excessive sentence claim. In *Johnson*, defendant argued his challenge based on improper sentencing factors was "one of constitutional dimension that implicates due process and fundamental fairness" and thus was distinctive from an excessive sentence claim. *Id.* ¶ 36. The supreme court rejected this distinction for the purposes of Rule 604(d), holding that, if sentencing challenges were allowed to be reframed as constitutional due process issues to avoid the rule, its requirements would consequently be rendered superfluous. *Id.* ¶ 41. The *Johnson* court noted its prior decisions only

4

exempted application of Rule 604(d) to negotiated pleas in limited instances where sentences were challenged as statutorily unauthorized or void *ab initio* as facially unconstitutional. *Id.* ¶ 35.

¶ 11 Similar to *Johnson*, we find defendant's attempt to reframe his sentencing challenge unpersuasive. It is clear that restitution is a sentencing issue. See *People v. Birge*, 2021 IL 125644, ¶ 47 ("[a]s a component of the sentence, a trial court may order a defendant to pay restitution for an economic loss caused by his criminal conduct"); *People v. Higgins*, 2014 IL App (2d) 120888, ¶ 6. Here, based on the circuit court's admonishment, defendant knowingly and voluntarily entered a negotiated plea of guilty that included, as a component of his sentence, an undetermined amount of restitution. See *People v. Odio*, 2023 IL App (3d) 220184-U, ¶ 51 (where the plea hearing clearly indicated the terms of the agreement, defendant was fully aware the negotiated plea included an unknown amount of restitution to be determined at a hearing). In an effort to circumvent the requirements for contesting his negotiated plea sentence under Rule 604(d), defendant denies the characterization of his appeal as an excessive sentence claim and instead unequivocally challenges the fairness of the restitution hearing. He argues that the restitution ordered was unsupported by the State's evidence and that the court improperly concluded the hearing before defense counsel finished presenting evidence through cross-examination of the State's witness or calling his own witnesses. However, defendant's assertion that the circuit court erred in ordering restitution without sufficient evidentiary support is ultimately indistinguishable from an excessive sentence argument because its premise asserts that, had the court not erred, the amount of restitution would have been lower. See *People v. Stone*, 2023 IL App (4th) 220406-U, ¶ 31. As the court in *Stone* explained:

> "Defendant is arguing that the State and the court deprived him of a fair
>
> sentencing hearing by, respectively, failing to present evidence of the actual

5

economic loss suffered in this case and accepting the amount presented by the State. In effect, he is arguing his sentence is excessive because had the court not erred, it would have had no basis to impose restitution. In other words, '[d]efendant attempts to couch his claim in the language of an appeal of the trial court's denial of his motion to withdraw his plea, but *** its substance remains the same—defendant's dissatisfaction with his sentence and a claim that *** it exceeds what he should have received.' " *Id.* (quoting *People v. Millsap*, 2022 IL App (4th) 210192, ¶ 22).

¶ 12 Like in *Stone*, defendant contends he was deprived of a fair sentencing hearing when the circuit court accepted the restitution amount presented by the State despite the lack of sufficient evidence supporting the actual economic loss suffered. See *id.* This argument, at its core, still claims dissatisfaction with the sentence, as it exceeds what defendant believes he should have received. See *id.* Defendant's challenge to his sentence as excessive is barred because defendant did not comply with the Rule 604(d) requirements for negotiated pleas to file a motion to withdraw his guilty plea within 30 days of the imposition of restitution. Therefore, we must dismiss the appeal. See *Robinson*, 2021 IL App (4th) 200515, ¶ 11.

¶ 13 In coming to this conclusion, we reject defendant's reliance on *People v. Hermann*, 349 Ill. App. 3d 107, 114 (2004), for the proposition that a postplea motion to reconsider sentence satisfies the requirements of Rule 604(d) when it does not challenge the sentence as excessive or attempt to alter the plea agreement. In *Hermann*, the defendant appealed the imposition of restitution relating to a charge that had been dismissed as part of the negotiated plea, arguing the restitution was void as the circuit court exceeded its statutory sentencing authority. *Id.* at 108. The *Hermann* court held that filing a motion to reconsider sentence satisfies Rule 604(d) for void

6

sentencing claims because the issue does not challenge the sentence as excessive and does not seek to change the terms of the plea agreement. *Id.* at 113-14. Here, defendant does not dispute the circuit court's statutory authority to impose restitution as a component of his sentence. Moreover, after our supreme court's decision in *People v. Castleberry*, 2015 IL 116916, ¶ 19, it is no longer valid for a defendant to argue that a sentence is void for failing to conform to a statutory requirement. *People v. Thompson*, 2015 IL 118151, ¶ 33.

¶ 14                                    III. CONCLUSION

¶ 15        For the reasons stated, we dismiss the appeal.

¶ 16        Appeal dismissed.

¶ 17        PRESIDING JUSTICE HOLDRIDGE, specially concurring:

¶ 18        I agree with the majority that the outcome here is correct considering the current state of the law. However, I write separately to point out that the law requires an absurd and unjust result as (1) the amount of restitution exceeded the charge to which the defendant pled and (2) the evidence regarding the amount was lacking.

¶ 19        First, the defendant pled guilty to a charge of theft that, per the indictment, alleged the value of the stolen candy bars exceeded $500 but did not exceed $10,000. The imposition of restitution in the amount of $15,321 is considerably greater than the maximum amount contained in the charge to which the defendant pled guilty. See *People v. Bradford*, 207 Ill. App. 3d 436, 438-39 (1991) ("trial court erred in ordering restitution in excess of the amount appearing in the indictment"). Based on the inclusion of a dollar range representing the monetary losses in the charging instrument, the defendant reasonably could have inferred when entering the negotiated plea that the amount of restitution imposed at the hearing would fall within that range. Putting the defendant on notice of a range here is relevant because "due process requires that it be evident

7

from the record that a defendant's plea of guilty is entered with full knowledge of the consequences." *People v. Whitfield*, 217 Ill. 2d 177, 200 (2005). The equitable result would allow the defendant to solely challenge this restitution amount as it was in excess of the amount appearing in the indictment for the charge to which the defendant pled.

¶ 20    Second, the evidence in the record was insufficient to support the restitution ordered. In ordering restitution, "the trial court must evaluate the actual costs incurred by the victim and cannot rely on conjecture or speculation as to the amount to be awarded." *Birge*, 2021 IL 125644, ¶ 48. It is apparent from the record that the State did not present sufficient evidence to support the restitution amount imposed. The defendant was definitively seen on surveillance video only once with one box of candy bars. No other evidence was provided connecting the defendant to each of the nine pallets alleged to be damaged. Strickland testified that it was normal for pallets to be misplaced due to the large size of the warehouse. It is fundamentally unfair that the law now precludes the defendant from challenging restitution when it exceeds the amount alleged in the indictment and is unsupported by the evidence.

*People v. Erby*, 2023 IL App (3d) 220400

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 20-CF-1550; the Hon. Carmen J. Goodman, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Santiago A. Durango, and Andrew J. Boyd, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Laura Bialon, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |